### No. 2,512.

FREMAN KINGSLEY *et al.*, APPELLANTS, *v.* HELEN M. KINGSLEY, (Administratrix of the Estate of RUFUS KINGSLEY, deceased), RESPONDENT.

HOMESTEAD. — PARTNERSHIP PROPERTY. — Property held as partnership assets, and after the death of one of the partners, assigned to his estate on the partition of the real estate of the firm, cannot be set apart by the Probate Court as a homestead to the widow of the deceased member of the firm.

APPEAL from the Probate Court of Lassen County.

The facts are stated in the opinion.

*E. V. Spencer,* for Appellants.

. The petition shows that the property set apart as a homestead was partnership property at the time of the death of the deceased. It therefore could not have been made a homestead by deceased, nor has the Court greater power in the premises than had the deceased while living. (*Wolf & Davis* v. *Fleischacker,* 5 Cal. 165; *Giblin* v. *Jordon,* 6 Cal. 417; *Kellersberger* v. *Kopp,* 6 Cal. 565; *Bishop* v. *Hubbard,* 23 Cal. 517; *Elias* v. *Verdugo,* 27 Cal. 418.)

Money cannot be set apart in lieu of a homestead, and by parity of reasoning, no other property of the deceased, which was not a homestead at the time of his death, can be turned into a homestead. (Estate of Isaacs, 30 Cal. 105.)

*John Lambert,* for Respondents, filed no brief.

Rhodes, C. J., delivered the opinion of the Court, Temple, J., Wallace, J., and Sprague, J., concurring.

The petition of Helen Kingsley shows that she is the widow of Rufus Kingsley, deceased, who died in December, 1867; that the premises therein described were occupied .by her and her husband up to the time of his death; that the premises "were held as the partnership assets of the firm of Miller and Kingsley;" that since the death of deceased, the premises have been set off, in the proceedings for the partition of the real estate of the firm, to the estate of the deceased. The Probate Court ordered the premises to be set apart as the homestead of the petitioner. The right of the petitioner to have a homestead set apart for her own use is to be ascertained from a construction of the laws in force at the time of the death of the deceased. No homestead having been acquired under the Homestead Act by either the petitioner or her husband, during the life of the latter, the only authority for setting off a homestead to her is to be found in Section 121 of the Probate Act, as amended in 1861, and Section 124 of the same Act, as amended in 1866. There is nothing in those sections tending to the conclusion

that any property could be set apart as a homestead by the Probate Court which might not have been dedicated as a homestead under the Homestead Act, immediately preceding the death of the deceased. It is very clear that property which was held as partnership property could not have then been converted by one of the partners into a homestead. The Court, therefore, erred in setting apart the property in controversy as a homestead for the use of the petitioner.

Order reversed and cause remanded.

CROCKETT, J., expressed no opinion.