# Howard *v.* Jones & Starke.

### *Attachment and Garnishment.*

*Exemption of partnership property.* — Money or property belonging to a partnership may be claimed by the partners individually, as exempt from levy and sale under legal process against them individually.

APPEAL from the Criminal Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

This action was brought by the appellant, against Kennon Jones and James H. Starke individually, and was commenced by attachment on the 26th July, 1871; and John Bolling was summoned, on the same day, by process of garnishment. The garnishee filed an answer, in which he stated that he held, or had deposited to his credit with Dunklin & Steiner, the sum of $756.70, money arising from the sale of a drug store and fixtures belonging to the firm of Jones & Starke, which he had sold under a mortgage against them, by agreement between the partners and their creditors, and, after paying the mortgage debt out of the proceeds, had deposited the balance

[Howard v. Jones.]

with said Dunklin & Steiner, to his own credit, "as trustee for the creditors and partners interested." On the filing of this answer, the defendant Jones made and filed an affidavit, claiming the said funds for himself and his co-defendant, as exempt from levy and sale under legal process against them; and, at the same term of the court at which this affidavit was made and filed, the defendants moved to dismiss the garnishment, on account of the claim of exemption thus made. This motion the plaintiff resisted, "on the ground that the funds in the hands of the garnishee were the partnership assets of Jones & Starke, and that the note sued on was given for the identical stock of goods which was sold by said garnishee." On the hearing of this motion, the following facts were admitted by the parties: "It is agreed that the indebtedness of defendants to plaintiff, if any exists, is on account of the stock and fixtures of a drug store, sold by him to them in the Fall of 1870, after defendants' partnership was formed, and for which plaintiff's note was given; also, that the money in the hands of the garnishee, as shown by his answer on file, is the proceeds of the sale of said stock and fixtures, sold July 24, 1871, by consent of defendants and all their creditors; also, that said funds are the partnership funds of said firm, and that said partnership has never been settled up; also, that both of said defendants are residents of this State, and claim said funds, jointly and severally, as exempt from the garnishment under the laws now in force; that said Jones has a wife and several children, resident in this State, who are dependent on him for support; and that said Starke has an unmarried sister living with him, and dependent on him for support and maintenance." On these facts, the court dismissed the garnishment; to which ruling and judgment the plaintiff excepted, and which he now assigns as error.

GAMBLE & POWELL, for appellant.

HERBERT & BUELL, contra.

PETERS, C. J. — It was settled in this court, in *Brewer's Adm'r* v. *Granger*, at the January term, 1871, that "articles or merchandise in a store, where they are kept for sale, to the extent of one thousand dollars, are exempt from levy and sale under legal process at the option of the debtor, under section 2884 of the Revised Code." 45 Ala. 580. This is very clearly proper, unless the mere fact that a person is in debt renders the debt a lien upon the property he may own. But no such lien exists, at least while the debtor lives. Then, his property, invested in merchandise, is still his property, and it is

protected by all the exemptions that would protect it if it were not so invested. In either case, it still remains the debtor's property. When the judgment in this case was rendered in the court below, this exemption was peremptory, and without any limitation whatever. This is the language of the Constitution, and of the legislative enactment then in force. Const. Ala. 1867, Art. XIV. § 1; Rev. Code, § 2884. This was as much so as if the exemption had been written as a stipulation in the note which is the foundation of the judgment. The laws in force at the time of the making of a contract enter into it, and form a part of it, and modify it. See *Von Hoffman* v. *City of Quincy*, 4 Wall. 535, 550; 8 Wheat. 92; 12 Wheat. 231; 4 Wheat. 122; 12 Wheat. 373; 6 Cranch, 87; 7 Cranch, 164; 9 Cranch, 43; 9 Peters, 359; 1 How. 319; 2 How. 612; 10 Cal. 570.

In the case at bar, the defendants in the judgment on the note had invested their property in a partnership mercantile establishment. This did not withdraw from the property thus invested the right of the exemption in favor of the family and the owner, who is an inhabitant of this State. Rev. Code, §§ 2880, 2884; Const. Ala. 1867, Art. XIV. § 1. There is no such purpose expressed in the statute, or in the Constitution; and a proper estimate of the end proposed by the exemption does not require any such limitation to be interpolated into it. This right of exemption follows the ownership of the property, as long as the owner chooses to exert it, and as long as the jurisdiction of the court may be enforced over it. *Webb* v. *Edwards*, 46 Ala. 17. This seems to have been the construction of the court below, given to this important provision of our law. In this there was no error.

The judgment of the court below is affirmed.