# Giovanni *v.* First National Bank of Montgomery.

*Action for Damages against Plaintiffs in Attachment, for Sale of Exempt Property.*

1. *Claim of exemption in partnership property.*—Partners can not, during the existence of the partnership, claim an individual exemption in partnership property, when taken under legal process for partnership debts.   (Overruling *Howard v. Jones & Starke,* 50 Ala. 67 ; *Dunklin v. Kimball,* 50 Ala. 251 ; and *Giovanni v. First National Bank,* 51 Ala. 177, so far as it follows those cases.)

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by the appellant to recover damages for the seizure and sale by the sheriff, at the instance of the defendant as plaintiff in attachment, of certain personal property which the plaintiff claimed as exempt from seizure and sale under legal process.   The property belonged to Giovanni & Co., a partnership doing business in the city of Montgomery, composed of the plaintiff in this suit and one Guily ; and it was seized by the sheriff on the 7th January, 1873, under an attachment for rent at the suit of the defendant.   Each of the partners claimed an exemption in one half of the property, which was less than one thousand dollars ; but the sheriff, acting under the instructions of the attaching creditor, disregarded the claim of exemption, and sold the property.   The partners brought a joint action for damages against the attaching creditors ; but a demurrer was sustained to the complaint, on the ground that there was a misjoinder of plaintiffs ; and the judgment was affirmed by this court on appeal, as shown by the report of the case, *Giovanni et al. v. First National Bank,* 51 Ala. 176–9.   This action was brought after the decision of that case, and was commenced on the 19th January, 1875.   The complaint contained a count in trover, and a special count in case ; to which the defendant pleaded not guilty.   On the evidence adduced, the court charged the jury, "that if the property levied on was partnership property, and the debt on which the attachment issued was a partnership debt, and there had been no settlement of the partnership, and no division of its property or assets, or any part thereof, then the plaintiff could not claim any part of said property as exempt : that

(21)

one partner can not claim an undivided portion of partnership property, as exempt from levy and sale to enforce the collection of a partnership debt." This charge, to which the plaintiff excepted, is the only matter now assigned as error.

WINTER & WINTER,[*] for appellant.—The right of an individual partner to claim an exemption in partnership property, as against partnership debts, is settled by several decisions of this court.—*Howard v. Jones & Starke*, 50 Ala. 47; *Dunklin v. Kimball*, 50 Ala. 251; *Giovanni v. National Bank*, 51 Ala. 179. These decisions are founded on correct legal principles, and are sustained by numerous adjudications in other States. All exemption laws are based on a principle of public policy, which declares that it is more important that the means of subsistence shall be reserved to the debtor and his family, than that his creditors shall be paid; and such laws are always liberally construed in favor of the debtor.— *Favers v. Glass*, 22 Ala. 624, and cases there cited; *Webb v. Edwards*, 46 Ala. 17; *Ross v. Hannah*, 18 Ala. 127; *Stewart v. Brown*, 37 N. Y. (10 Tiff.) 350; *Gilman v. Williams*, 7 Wisc. 328; *Bevan v. Hayden*, 13 Iowa, 122; *Brooks v. Nichols*, 17 Mich. 38. Partnership creditors, as such, have no lien on the partnership property for the payment of their debts.— Parsons on Partnership, 502, note *l*, citing numerous authorities; Story on Partnership, 509–10; *Clements v. Foster*, 3 Ired. Eq. 213; *Reese & Heylin v. Bradford*, 13 Ala. 846. In the absence of such lien by creditors, the partners have an undoubted right to sell and dispose of the partnership assets as they please, or to divide the assets among themselves, leaving the partnership debts unpaid.—*Ex parte Ruffin*, 6 Vesey, 119–26; *In re Downing*, 1 Dillon, 33; 3 Kent, 63; Story's Equity, 676; Story on Partnership, §§ 362–63; *Emanuel v. Bird*, 19 Ala. 596; *Mayer v. Clark*, 40 Ala. 259; 14 Vesey, 447; 15 Vesey, 521; 3 Madd. 229. There is a broad distinction, between the right of each partner to claim an exemption out of partnership assets as against his copartners, and his right to do so, with the consent of his copartners, as against the partnership creditors; and the failure to observe this distinction has, to a great extent, caused the conflict in the authorities.—*Burns v. Harris*, 67 N. C. 140; *Gilman v. Williams*, 7 Wisc. 229; *Radcliff v. Wood*, 25 Barb. 52; *Stewart v. Brown*, 37 N. Y. 350; 3 Neb. 261; *In re Rupp*, 4 Nat. Bank. Register, 95; *In re Parks*, 9 Ib. 440; *In re Richardson & Co.*, 11 Ib. 114. In addition to these authorities,

---

[*] A printed argument on the question was also submitted by *D. S. Troy*, who was not of counsel in this case.—REP.

[Giovanni v. First National Bank of Montgomery.]

the right of exemption by partners has been sustained by the highest courts in Vermont, Iowa, and Arkansas.—*McCary v. Bixby*, 36 Vermont, 254; *Thom v. Thom*, 14 Iowa, 48; *Greenwood v. Maddox*, 27 Ark. 648.

D. CLOPTON, *contra.*—Partnership property is not the separate property of either partner. Neither has any exclusive interest in it. The interest of each partner is his portion of the surplus remaining after the partnership debts are paid; and any claim of exemption can only extend to this surplus, when ascertained, after a settlement of the partnership, and the payment of its debts.—*Pond v. Kimball*, 101 Mass. 105; *Burns v. Harris*, 67 N. C. 140; *Wright v. Pratt*, 31 Wisc. 104; *In re Blodgett & Sanford*, 10 Nat. Bank. Register, 145; *In re Handlin & Vinney*, 12 Ib. 49; *In re Stewart & Newton*, 13 Ib. 295.

BRICKELL, C. J.—In *Howard v. Jones & Starke*, 50 Ala. 67, it was decided, that money or property, belonging to a partnership, may be claimed by the partners individually, as exempt from levy and sale under process against them. The case was an action against partners, for the recovery of a partnership debt, and a garnishment against one having in his custody partnership funds, exemption of which the partners claimed. This decision controlled that of *Dunklin v. Kimball*, Ib. 251, in which it was held, that two members of an insolvent partnership, having, without the consent or acquiescence of a third, made an assignment of the partnership effects, for the payment of partnership debts, and the assignee having by sale converted the effects into money, the third partner could claim and recover from him one thousand dollars of the proceeds of sale, as exempt from liability for debts, or, if the proceeds of sale would not make a sum sufficient for a similar exemption to each of the partners, then one-third of such proceeds. The subsequent case of *Giovanni et al. v. First National Bank*, 51 Ala. 177, holds, that if partnership property is levied on, and each partner asserts a claim of exemption to his interest therein, their joint interest in the property claimed is thereby severed, and they can not maintain a joint action for its seizure and sale. The present appellant is one of the partners suing jointly in the latter case, and now suing alone, for the seizure and sale of the share of the partnership property claimed by him as exempt.

The appellant and one Guily were partners, equally interested in carrying on business as confectioners in the city of Montgomery. They became indebted to the appellee, for

rent of a store-house in which the business was conducted; and while the partnership was continuing, without a severance of the interest of the partners in the partnership property, an attachment was issued for the recovery of the rent, and was levied on the stock in trade. After the levy of the attachment, the appellant and his copartner jointly made affidavit, claiming that one-half of the stock in trade, being of less value than one thousand dollars, should be exempt to each of them. The affidavit was presented to the sheriff, and a release of the levy and restoration of the goods demanded. The sheriff, acting under the instructions of the appellee, refused, and made sale of the goods. This action is now brought to recover damages for the seizure and sale of one-half of the goods, so claimed by the appellant. The court, in effect, charged the jury, that the appellant was not entitled to recover. We are thus met again by the precise question presented in *Howard v. Jones & Starke, supra,* which, limiting it to the precise facts found in the record, may be thus stated : A partnership continuing, the property of the partnership not being divided, or the interests of the partners severed, can the partners claim a separate, individual exemption from the property, as against process for a partnership debt, which may be levied on it? My own opinion on the general question, whether partnership property is embraced within the statutory or constitutional exemption, was expressed in *Dunklin v. Kimball, supra.* Subsequent reflection and examination have strengthened and confirmed it.

The constitutional provision is, "The personal property of any resident of this State, to the value of one thousand dollars, to be selected by such resident, shall be exempted from sale on execution, or other final process of any court, issued for the collection of any debt contracted after the adoption of this constitution." The statute, though enlarging the exemption, by the enumeration of specific articles of personal property as exempt, in addition to the constitutional exemption, does not vary or change the nature of the ownership requisite to authorize the assertion of the right. Ownership is an indispensable element of the right to exemption. It is property which may be taken, and rightfully taken, under process against the resident debtor, which the constitution and the statute confer on him the unqualified privilege and right to select and retain. The purpose is, to confer on the resident debtor a substantial benefit, the enjoyment of which shall rest only in his volition, and of which he can not be deprived by another. The right is positive, unqualified, of equal dignity with other rights of property protected by the constitution from legislative or judicial invasion or diminu-

tion. Its exercise, or its waiver, or abandonment, the debtor alone, without intervention or interference from others, must determine. It is not a privilege which another, by his election or assent, may confer—it is a clear, absolute, legal, constitutional right. When the right is asserted, the ownership of the property claimed is not changed. It remains as it was at the time of its seizure under the process, simply protected from change by a sale under the process, and the owner protected from deprivation of title or possession.

The language of the constitution is not ambiguous—it is clear and unequivocal; and the statute observes it, with not the least change, which could indicate a change of intent on the part of the law-maker. The property exempt is the *personal property* of any resident of this State, *to be selected by such resident*, of the value of one thousand dollars. Conceding that the constitution and the statute are humane and beneficial in purpose, and in operation, and that a liberal construction must be adopted to further the purpose; yet, the construction must be consistent with a true and just interpretation of the terms employed. These are the best and highest expositors of the intention of the law-maker, which it is the object of all construction to ascertain. Can any just interpretation or construction of the language of the constitution, and of the statute, apply it to partnership property, seized under process against the partnership, for the payment of a partnership debt? It can not be doubted, the right of exemption is limited to individual debtors; and in them is a positive, unqualified, individual right. A corporation, or any other artificial, legal being, having legal capacity to contract debts, is not clothed with the right. Whatever of property they may own, is still subject to the payment of the debts they may contract. A partnership is an association of two or more persons, uniting "their money, effects, labor, and skill, or some or all of them, in lawful commerce or business," the profits to be divided, or the losses borne, in the proportions which may be agreed on by the partners.—3 Kent, 19. Two leading principles govern the association—a common interest in the partnership property, and a joint and several responsibility for all its engagements. The individual ownership of the money, or effects of any kind, which each partner may contribute to the association, whether the contribution is in the first instance, in the formation of the partnership, or subsequently in the course of its existence, is lost, and merged in the joint and common ownership of the partnership. Either partner may, in the course of the partnership, dispose of such property absolutely; and those acquiring title from him, can retain it against the partnership, or

against the members originally owning it. No partner has any exclusive right to any part of the partnership property. The interest, and only individual interest of each partner, in the partnership property, is his share in the surplus, after the partnership accounts are settled, and all just claims satisfied.—3 Kent, 37. It is a familiar principle, that partnership property is primarily liable for the payment of partnership debts, to the exclusion of the separate debts of the individual partners. This liability is not a *lien* in favor of partnership creditors; but it is made available to the creditor, through the recognized right, at law and in equity, of the partners *inter sese* to have the partnership property appropriated first to the discharge of partnership debts. When the partnership property is drawn within the jurisdiction of a court of equity, that court regards it as a trust fund for the payment of partnership debts, and subrogates the partnership creditors to the rights of the partners *inter sese.* On this fund, the trust for the payment of partnership debts is primary and paramount.—2 Story's Equity, § 1253. On the death of a partner, the possession and title to the partnership property remains in the surviving members. It does not devolve on the personal representative of the deceased partner. The survivors hold it, and are entitled to hold it, for the purpose of paying the debts, and adjusting the accounts of the partnership. Such is the nature and character of partnership property, and the rights and interests of the partners. Of such property, it is legally impossible to base individual ownership. Suppose any part of such property is claimed by one member of the partnership? Can such claim divest the title of the partnership? Are the other partners deprived of all interest in it? Or is it merely thereby protected from creditors, the title remaining in the partnership, subject to all the rights and equities of the other partners? How could the value of the property claimed be estimated? Is the *actual value*, the title not being disputed, but certain and fixed, to control? Or must the value of the interest of the partner claiming be ascertained? That interest, not being capable of ascertainment, until the partnership debts are paid, has no existence, as against process for a partnership debt. It is not seized under the process, which operates on the title of the partnership. Suppose the claim could be made by the partnership in its entirety; how much would be exempt? Only the amount prescribed by the constitution, or would that amount be allowed to each partner? The latter would multiply the exemptions, while the constitution contemplates single exemptions.

Without protracting the discussion further, which is exhausted in the decisions hereinafter referred to, we must say, that we can reach no other conclusion, than that the constitution and statute have no reference to partnership property, and are incapable of just application to it, when it is seized under process against the partnership, while the partnership is continuing, no severance or division of the property among the partners having been made. The claim of exemption which was interposed by the appellant and his partner, to a several exemption, may, as between them, have worked a severance of their joint interest in the property. Before the claim was interposed, the levy of the attachment had created a lien on the goods, which they could not destroy or impair by such severance. What would have been the effect of such severance, if it had occurred before the levy of the attachment, it is not material to inquire. The adjudications on the question we have considered are conflicting; but our conclusion is supported by a number of carefully considered decisions, which we feel bound to follow.—*Pond v. Kimball*, 101 Mass. 105; *Guptil v. McFee*, 9 Kansas, 30; *Bonsall v. Comly*, 44 Pa. 442; *In re Handlin & Vinney*, 12 Bank. Reg. 49 (opinion of Judge Dillon); *Gaylord v. Imhoff*, 26 Ohio, St. (reported in 3 Cent. Law Journal, No. 42).

We are compelled to overrule *Howard v. Jones & Starke*, 50 Ala. 47; *Dunklin v. Kimball*, Ib. 251, and *Giovanni et al. v. First National Bank*, 51 Ala. 177, so far as they assert that individual exemptions can be claimed from partnership property, when taken under process against the partnership, while the partnership continues.

The charge of the City Court, to which an exception was taken, was correct; and the judgment must be affirmed.

STONE, J., not sitting, having been of counsel.