# Avery & Sons *v.* Lockhard.

*Garnishment.*

1. *Garnishment; what debts may be subjected by.*—The established rule is, that, in the absence of fraud, only such demands can be subjected by process of garnishment as the defendant, in his own name, could recover from the garnishee in an action of debt, or *indebitatus assumpsit*.

APPEAL from Sumter Circuit Court.

Tried before Hon. S. H. SPROTT.

B. F. Avery & Sons, a corporation, having commenced suit by summons and complaint against E. & T. E. Lockhard, on the same day sued out a writ of garnishment against W. T. Abrahams, as debtor to the defendants. The garnishee was discharged on his answer, the material averments of which sufficiently appear in the opinion.

The judgment of the court discharging the garnishee is here assigned as error.

HEAD & BUTLER, for appellant.

J. J. ALTMAN, *contra*.

SOMERVILLE, J.—The established rule is, that in the absence of fraud, only such demands can be subjected by process of garnishment as the defendant, in his own name, could recover from the garnishee in an action of debt, or *indebitatus assumpsit*.—*Henry v. Murphy & Co.*, 54 Ala. 246; 1 Brick. Dig. p. 175, § 315.

This test is, in our opinion, fatal to the contention made by the appellants. The uncontroverted facts disclosed by the gar-

[Banks et al. v. Thompson.]

nishee's answer show that the debt due by him to the defendants, E. & T. E. Lockard, had been transferred to Abrahams, as assignee, for the benefit of the partnership creditors. This claim, it is true, was excepted from the general assignment made by the Lockards on the 21st of April, 1881, but it was so excepted, very obviously, in order that it might be claimed as exempt for the *individual benefit* of T. E. Lockard. This appears from the terms of the assignment itself, and the clear intent of the parties, as between themselves, was, that the interest of E. Lockard in this claim should pass to T. E. Lockard. Whether, if this had been permitted to stand, it would have been held valid against the assault of partnership creditors, it is unnecessary to decide.—*Mayer v. Clark*, 40 Ala. 259 ; *Giovanni v. First National Bank*, 55 Ala. 305. It is sufficient that, before the service of the garnishment on Abrahams, who was both the garnishee and the trustee under the deed of assignment made by the Lockards for the benefit of their partnership creditors, it is made to appear that T. E. Lockard verbally transferred the claim in dispute to the same trustee for the benefit of the same creditors. Under these circumstances, neither the firm of E. & T. E. Lockard, nor either of them individually, could have brought an action for the debt and recovered it.

The circuit court so ruled, and its judgment is affirmed.