## HAYNES v. KLINE.

1. **Voluntary Conveyance:** HUSBAND TO WIFE: FACTS CONSTITUTING. Where a husband was the owner of a farm of one hundred and forty-five acres, encumbered with a judgment and a mortgage, and was otherwise indebted, and he made an arrangement with the judgment creditor that he should buy in the mortgage and then take a conveyance of eighty-five acres of the land in payment of these incumbrances, but his wife refused to join in the conveyance, and, to induce her to do so, it was arranged that the whole farm should be conveyed to the judgment creditor in satisfaction of the judgment and mortgage, and that he should then convey to the wife sixty acres of it, *held* that such reconveyance was without any valid consideration, and was in effect a conveyance by the husband to the wife, and that she could not hold the land as against

other creditors of the husband, even though she had no knowledge at the time that there were other creditors.

2. ———: RELINQUISHMENT OF INCHOATE RIGHT OF DOWER TO CREDITORS AS CONSIDERATION. A wife's inchoate right of dower is not such an interest in land that she can assert it against the creditors of her husband; and the release of such right in a portion of her husband's land conveyed to a creditor in satisfaction of a debt is not a valuable consideration for the conveyance to her by her husband of other land.

## *Appeal from Des Moines Circuit Court.*

### WEDNESDAY, SEPTEMBER 17.

PLAINTIFF brought this action in equity to subject certain real estate, the title to which is in defendant, to a judgment which he obtained against defendant's husband. He alleges in his petition that defendant's husband, being the owner of the land in question, conveyed the same to one N. Huston, who immediately reconveyed the same to defendant, and that these conveyances were voluntary and without consideration, and were made with the intent to hinder and delay the creditors of the husband in the collection of their debts. The answer admits the making of the conveyances as alleged in the petition, but denies that they were without consideration, or were made for the fraudulent purpose charged.

The judgment of the circuit court was for plaintiff, granting the relief prayed. Defendant appeals.

*P. Henry Smyth & Son,* for appellant.

*Hall & Huston,* for appellee.

REED, J.—There is no controversy as to the facts of this case. Prior to the execution of the conveyances in question, 1. VOLUNTARY Jacob Kline, the husband of defendant, was the conveyance: husband to owner of a farm of one hundred and forty-five wife: facts constituting. acres. He was indebted to Nathan Huston in the sum of about $2,000. He was also owing other parties, among whom were plaintiff and one Charles Winzer. His indebtedness to Winzer amounted to about $1,000, and this was

secured by mortgage on forty-five acres of said land. The debt to Huston was in judgment, and he was urging payment, and threatening to issue execution unless the debt was paid. Kline was unable to pay in money, but proposed, if Huston would buy in the Winzer mortgage, to convey to him the forty-five acres covered by the mortgage, and forty acres in addition thereto, in satisfaction of the whole amount which he would then be owing him. This proposition was agreed to by Huston. But, when the matter was brought to defendant's attention, she refused to join her husband in the conveyance to Huston. For the purpose of inducing her to unite in the conveyance, the husband proposed that they should convey the whole tract to Huston, and that he should reconvey sixty acres of it to defendant. She and Huston assented to this proposition, and the conveyances in question were executed in pursuance of this agreement. The result of the arrangement was that eighty-five acres of the land was conveyed to Huston, in satisfaction of the indebtedness which Jacob Kline was owing him, and the remaining sixty acres was conveyed to defendant as consideration for the relinquishment by her of her interest in the eighty-five acres; and the question to be determined is, whether this conveyance to defendant is valid as against existing creditors of the husband. It cannot be claimed from the evidence, we think, that defendant intended, in taking the conveyance to herself, to in any manner aid her husband to defraud his creditors; for it is not proved that she had knowledge that he owed any debts except those which were satisified by the conveyance to Huston. The conveyance to her, then, is not vitiated by any actual fraud. Plaintiff contends, however, that it is not supported by any valuable consideration; that it is a mere voluntary conveyance, and consequently is void as to existing creditors of the husband.

Defendant's position is that her inchoate right in the land was a valuable interest therein, and that her relinquishment of this interest in a portion of it is a valuable consideration

for the conveyance of the remainder of it to her. It cannot be doubted, we think, that the relinquishment by the wife of her inchoate right in the real estate of the husband would be a sufficient consideration for any payment or promise made to her by the purchaser as an inducement for the relinquishment. In this case, however, the conveyance to the wife was made, in effect, by the husband, and not by the purchaser. True, the immediate conveyance under which she claims was made by Huston, but the property had been conveyed to him by defendant and her husband with the understanding that it should be reconveyed to her, and there was no intention of investing him with any property interest therein. And we are of opinion that the conveyance to defendant must be regarded as a mere voluntary conveyance from the husband.

During the lifetime of the husband defendant had no interest in his real estate which she could assert as against his creditors. The whole of the farm in question was subject to be sold on judicial process for the satisfaction of the husband's debts, and such sale would have had the effect to divest her of all interest therein. (Code, § 2440.) When she relinquished her interest in the portion of the land conveyed to Huston, she relinquished nothing which, as against the husband's creditors, was of any value whatever. She gave up no interest of which she could not have been divested by legal process for the satisfaction of the debts which her husband was owing Huston and his other creditors. She simply consented that the land sold to Huston might be appropriated to an object to which the law would have appropriated it without her consent. This consent cannot be regarded as a valuable consideration for the conveyance to her of the residue of the land. Her claim, when scrutinized, is manifestly illogical and inconsistent. It amounts to this: That, although her interest in the whole of the land was subject to be divested by the sale thereof for the satisfaction of her husband's debt, her voluntary relinquishment of that interest in a portion of

2. —— : relinquishment of inchoate right of dower as consideration.

it, for the satisfaction of the debt due one creditor, is a valid consideration for the conveyance to her of the residue, and by that conveyance she acquired a right in the property conveyed, which will defeat the right of the other creditors to appropriate it to the satisfaction of their debts. The unsoundness of the claim is made apparent, we think, by its statement.

Having reached the conclusion that the conveyance to defendant was voluntary, we need not determine whether it is void under Code, § 2203, which provides that, "when property is owned by either the husband or wife, the other has no interest therein which can be the subject of contract between them."

The judgment of the circuit court, we think, is right, and it is

AFFIRMED.