[No. 11413.  Department One. — December 4, 1888.]

## W. W. COWAN ET AL., APPELLANTS, *v.* THEIR CREDITORS, RESPONDENTS.

INSOLVENCY — EXEMPTION FROM EXECUTION — PARTNERSHIP ASSETS. — In a proceeding in insolvency, instituted by a partnership, neither of the partners can claim to have any part of the partnership assets set apart to him as exempt from execution. Partnership property is not exempt by law from forced sale, though it is such property as would be exempt if one partner were the sole owner.

APPEAL from an order of the Superior Court of Santa Clara County denying an application to set apart certain property as exempt from execution.

The facts are stated in the opinion.

*J. H. Campbell*, for Appellants.

*T. H. Laine*, and *C. D. Wright*, for Respondents.

BELCHER, C. C.— W. W. Cowan and Thomas Scott were partners engaged in the business of farming and fruit-raising in the county of Santa Clara. In September, 1885, they filed in the superior court of that county a petition, asking to be adjudged insolvents, and discharged from their debts. All of the property mentioned and described ·in the petition and schedule was partnership property, used in carrying on the business of the firm, and all the debts were partnership liabilities. In due time each of the petitioners applied to the court to have certain parts of the property set apart for his use and benefit, on the ground that such parts were by law exempt from execution. Subsequently, Scott withdrew his petition, and after a hearing the court denied the petition of Cowan, upon the ground that he "was not entitled to have any part of the property claimed by him, and heretofore described by him, set apart to him, for the reason that the whole thereof is partnership property, and therefore not exempt by law·from execution." Cowan appealed from the order, and the only question is, Was the court right in its conclusion as to the law applicable to the matter?

Section 690 of the Code of Civil Procedure provides for the exemption from execution of property belonging to a judgment debtor, and names the kinds and amount of property which shall be treated as exempt.

Section 35 of the Insolvent Act of 1880 provides that two or more persons who are partners in business may be adjudged insolvent, "in which case an order shall be issued in the manner provided by this act, upon which all the joint stock and property of the partnership, and also all the separate estate of each of the partners, shall be taken, excepting such parts thereof as may be exempt by law." And section 60 of the act declares that "it shall be the duty of the court having jurisdiction of the proceedings to exempt and set apart for the use and

benefit of said insolvent such real and personal property as is by law exempt from execution."

If the petitioner had been the sole owner of the property in question, there can be no doubt that it would have been exempt from execution, and the duty of the court to set it apart for his use and benefit. Did the fact that it was partnership property change the rule in this regard, and make it subject to seizure and sale by creditors?

The authorities upon the question are sharply conflicting, and a majority of the cases hold that partnership property is not exempt. (See Thompson on Homesteads and Exemptions, secs. 194–216, where the cases are very fully collected and reviewed. See also Freeman on Executions, 2d ed., sec. 221.) ··

The leading case in favor of the proposition that partnership property is exempt is *Stewart* v. *Brown*, 37 N. Y. 350; 93 Am. Dec. 578. In that case a pair of horses and their harness, which were partnership property, had been taken under an execution, and the court said: "If the partners have such an ownership as subjects the property to seizure on execution, they have also such an ownership as entitles them to claim its exemption in a case plainly falling within the terms and intent of the statute. . . . . If each of the respondents had owned a pair of horses, both teams would have been exempt upon the state of facts found by the referee. It would be an obvious perversion of the statute to hold that the plaintiffs forfeited its protection by owning but a single team between them, used for the common support of both. The language of the statute should be construed in harmony with its humane and remedial purpose. Its design was to shield the poor, and not to strip them. The interest it assumes to protect is that belonging to the debtor, be it more or less. The ownership of the team may be joint or several; it may be limited or absolute. Whatever it be, within the limitations of the statute, the debt-

or's interest is exempt, in view of his own necessity and of the probable destitution to which its loss might reduce a family dependent on him for support." (And see *Skinner* v. *Shannan,* 44 Mich. 86; 38 Am. Rep. 232; *McCoy* v. *Brennan,* 61 Mich. 362; *Burns* v. *Harris,* 67 N. C. 140; *Evans* v. *Bryan,* 95 N. C. 174; 59 Am. Rep. 233; *Blanchard* v. *Paschall,* 68 Ga. 32; 45 Am. Rep. 474.)

On the other side the leading case seems to be *Pond* v. *Kimball,* 101 Mass. 105. In that case the court said: "We agree with plaintiff's counsel that the statute is humane and beneficial in its purpose and operation, and fairly entitled to as liberal a construction as can be given it consistently with its true and just interpretation. There are many difficulties in the way of applying it to the case of copartners and joint-owners, and these difficulties we find to be insuperable. Property purchased with the joint funds of the firm, and constituting a portion of its capital, must necessarily be subject to all the incidents of partnership property. On the decease of one member of the firm, it would go to the surviving member, and he would have a right to hold it, to be used in settling the affairs of the concern and paying its debts. In the case of numerous partners, can it be said that each would have the right to claim, as exempt from attachment for the joint debts, one hundred dollars' worth of material and stock? or is the whole firm to be considered as one debtor only? Does the exempted property in that case belong to the partners jointly? or does each take a separate share? It appears to us that the statute is intended to apply only to the case of a single and individual debtor. The exemption which it gives is strictly personal. The statute speaks in the singular number throughout, unless, possibly, the clause as to fishermen be an exception. Its apparent object is to secure to the debtor the means of supporting himself and his family by following his trade or handicraft with tools belonging to himself. It also

provides that his family are to be secured in the enjoyment of certain indispensable comforts and necessaries out of his property.  But property belonging to the firm cannot be said to belong to either partner as his separate property.  He has no exclusive interest in it.  It belongs as much to his partner as it does to him, and cannot in whole or in part be appropriated (so long as it remains undivided) to the benefit of his family.  It may be wholly contingent and uncertain whether any of it will belong to him on the winding up of the business and the settlement of his accounts with the firm.  The exemption, in our opinion, is several, and not joint.  It applies to the debtor in the singular number, and is personal and individual only.  If he desires to form a partnership and combine his means with those of one or more than one other person, he must take the precaution to retain exclusive ownership of his tools and implements, allowing the use of them to his associates, or he will lose entirely the benefit of the statutory exemptions as to that kind of property."  (And see *Gaylord* v. *Imhoff*, 26 Ohio St. 317; 20 Am. Rep. 762; *Guptil* v. *McFee*, 9 Kan. 30; *Spiro* v. *Paxton*, 3 Lea, 75; 31 Am. Rep. 630; *Gill* v. *Latterman*, 9 Lea, 381; *White* v. *Heffner*, 30 La. Ann., pt. 2, p. 1280; 31 Am. Rep. 238; *Giovanni* v. *First Nat. Bank*, 55 Ala. 305; 28 Am. Rep. 723; *Baker* v. *Sheehan*, 29 Minn. 235; *State* v. *Spencer*, 64 Mo. 350; 27 Am. Rep. 244; *Bonsall.* v. *Comly*, 44 Pa. St. 442.)

Without discussing the question further, it is enough under all the circumstances to say that we think the rule which is supported by the great preponderance of authority the safer and better one, and we therefore advise that the order appealed from be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.