### *EX PARTE* KARISH.

### *EX PARTE* REGENSTEIN.

### *IN RE* REGENSTEIN v. PEARLSTEIN.

1. A homestead exemption may be allowed out of partnership property, but only out of such partnership property as the partners have an individual interest in, and that is, what remains after the partnership debts are paid. Until the partnership creditors are satisfied, the partners are not entitled to an exemption out of the firm assets.
2. Where the defendants interpose a petition for homestead in a pending action, and it is refused, the plaintiffs are entitled to costs.

Before HUDSON, J., Orangeburg, September, 1889.

Petitions for chattel exemptions under the homestead laws, filed by Jacob Karish and by W. S. Pearlstein, defendants in the action of J. Regenstein & Co. against Pearlstein & Karish. The opinion states the case.

*Mr. W. J. DeTreville,* for appellant.

*Messrs. Izlar & Glaze,* contra.

March 29, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. It appears that appellants were copartners in trade, each interested to the extent of one-half, and becoming embarrassed, executed an assignment of what purported to be the whole of their property for the benefit of all of their

creditors who should accept the provisions thereof in full satisfaction of their demands. The action above stated was instituted for the purpose, amongst other things, of setting aside said assignment as fraudulent and void, and for the appointment of a receiver. That action resulted in a judgment setting aside the assignment, not only for the provision contained therein in violation of the assignment act, but also for actual fraud, and a receiver was appointed to take charge of the assets and administer the same under the direction of the court.[1] The receiver sold all the property of which he could obtain possession, and holds the proceeds of the sales.

At this stage of the proceedings, these petitions were filed, claiming that each of the petitioners, being the head of a family, was entitled to a homestead exemption in the partnership property, and asking for an order that the receiver do pay to each of them, out of the proceeds of the sales in his hands, the sum of five hundred dollars as such exemption. These claims being resisted by the creditors, the case came before his honor, Judge Hudson, who rendered judgment, dismissing the petitions with costs, upon three grounds: 1st. Because the petitioners are not entitled to the exemption out of undivided partnership property. 2nd. Because the exemption cannot be allowed out of funds arising from the sale of property, where the purchase money of the said property has not been paid, against claims for such purchase money. 3rd. Because the petitioners are barred of the exemption claimed, by their fraud in the concealment and disposition of their property. From this judgment petitioners appeal, alleging error in each of the grounds upon which their petitions were dismissed, and also in awarding costs against them.

If the first ground can be regarded as asserting the general proposition, that the homestead exemption cannot be allowed out of partnership property, it could not be sustained, as we have decided otherwise in the recent case of *Moyer* v. *Drummond*, *ante*, 165. But it should not be so regarded, for this court does not sit for the purpose of determining abstract questions of law, but the inquiry always should be, what is the law applicable to the facts of a given case? As it seems to us, there was no error

[1] See 30 S. C., 192.—REPORTER.

in refusing to allow the exemption under the facts of this case, which were very different from those found in *Moyer* v. *Drummond*. There can be no doubt, that, until the partnership creditors are provided for, the individual partners have no interest— that is, can claim no individual right in the partnership assets, they being entitled to their shares in whatever may remain after the partnership creditors have been provided for. As is said by Simpson, C. J., in *Hutzler* v. *Phillips* (26 S. C., 150), "the property of the firm is not liable for the separate debt of a member; only the interest of the member is liable, which is nothing until the firm debts are paid." Now, as it appeared in this case that the partnership assets were insufficient for the payment of the partnership debts, which not only had not been, but would not be, paid by such assets, it is quite clear that neither of the petitioners had any right to any portion of such assets, and the exemption was refused properly for the reason, that neither of them had any right to the property out of which the exemption was refused, and not because it was partnership property. The case is somewhat analogous to that of tenants in common claiming a homestead out of lands descending to them as heirs of their ancestor, whose debts have not been paid. Until such debts are provided for, the heirs can claim no homestead as against their own debts, not because the lands are undivided and are held by them in common, but because their right to the same is dependent upon the payment of the debts of the ancestor. They cannot, except in the case of a widow and children, specially provided for by statute, even make such claim against the debts of the ancestor.

In the case of *Moyer* v. *Drummond*, the facts were different. In that case, the effort was to subject the individual interest of the judgment debtor in a partnership to the payment of the judgment by proceedings supplementary to an execution; and with a view to ascertain the individual interest of the judgment debtor in the partnership assets, testimony was offered, and the referee found as matter of fact that such interest, after providing for the payment of the partnership debt, amounted to a sum less than five hundred dollars, which finding of fact was affirmed by the Circuit Judge, and no exception was taken thereto. This court, therefore, considered the case as presented, and finding that the indi-

vidual interest of the judgment debtor in the partnership assets had been ascertained to be less than the amount of the exemption provided for by the homestead law, allowed the exemption. Here, however, no such facts are presented, and, on the contrary, the testimony shows that neither of these petitioners can have any individual interest in the partnership assets after the partnership debts are paid, and hence there is nothing out of which the exemption can be claimed.

As this view is conclusive of the case, it is unnecessary to consider the other grounds upon which the Circuit Judge rested his conclusion, for until the right of exemption has been established, the question whether such right has been defeated cannot properly arise.

It only remains to consider whether there was any error in awarding costs against the petitioners. The cases relied on by appellants of *The Columbia Water Power Co.* v. *Columbia*, 4 S. C., 388, and *Bank* v. *Senn*, 25 *Id.*, 572, we do not think are in point. In the former case, it was held that the Code makes no provision for costs in special proceedings, but only in actions. This case not being a special proceeding, but an ordinary civil action, in which the appellants have intervened by petition, does not fall within the scope of that decision. In the other case, the application was made for homestead in the mode prescribed by statute, where the sheriff was proceeding to levy upon the property of the judgment debtor, and the court, without determining whether that was a special proceeding, simply held that as the homestead law made a special provision for costs in such cases, which provision did not cover that case, costs could not be awarded. Here, however, as we have said, this was not a special proceeding; but simply a step taken in an ordinary action, and hence the case falls under the general law regulating the allowance of costs in such actions.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.