Merrimack, }
Dec., 1897. }

BATEMAN & a. v. EDGERLY, *Assignee.*

The statute (P. S., c. 220, s. 2) exempting tools of a debtor's occupation to the value of two hundred dollars from attachment and execution does not apply to partnership property.

REPLEVIN, for articles alleged to be tools of the plaintiffs' occupation. The plaintiffs are partners, and the defendant is their assignee in insolvency. Subject to exception, the court ruled that the plaintiffs were not entitled to such an exemption.

*Albin, Martin & Howe*, for the plaintiffs.

*Streeter, Walker & Hollis*, for the defendant.

Pike, J.　" The following goods and property are exempted from attachment and execution :

" I.　The wearing apparel necessary for the use of the debtor and his family. .

" II.　Comfortable beds, bedsteads, and bedding necessary for the debtor, his wife, and children.

" III.　Household furniture to the value of one hundred dollars.

" IV.　One cooking stove and the necessary furniture belonging to the same.

" V.　One sewing machine, kept for the use of the debtor or his family.

" VI.　Provisions and fuel to the value of fifty dollars.

" VII.　The uniform, arms, and equipment of every officer and private in the militia.

" VIII.　The Bibles, school-books, and library of any debtor used by him or his family to the value of two hundred dollars.

" IX.　Tools of his occupation to the value of two hundred dollars.

" X.　One hog and one pig, and the pork of the same when slaughtered.

" XI.　Six sheep and the fleeces of the same.

" XII.　One cow; a yoke of oxen or a horse when required for farming or teaming purposes, or other actual use; and hay not exceeding four tons.

" XIII.　Domestic fowls not exceeding fifty dollars in value.

" XIV.　The debtor's interest in one pew in any meeting-house in which he or his family usually worship.

" XV.　The debtor's interest in one lot or right of burial in any cemetery." P. S., c. 220, s. 2.

The question raised is whether the exemption of " tools of his occupation to the amount of two hundred dollars," under clause IX, applies to partnerships.

The exemptions of the several clauses appear to have been provided as much out of solicitude for the family of the debtor as for the debtor himself. Apparently, there was an intention to limit them to debtors who are capable of forming family relations,— that is, to individuals. Viewed in this light they seem reasonable and appropriate. The character of the property exempt is suited to the needs of debtors of this class. On the other hand, provisions for a debtor's family have no application to partnerships. Partnerships may be classed with corporations in this respect. No reasonable doubt can exist that the property named in the first eight and last six clauses of the section was not intended to apply to partnerships. In most of them, property is enumerated for which partnerships have no use. In the remainder, the language and the context clearly show it has no application to them. There is nothing in clause IX to indicate

that its provisions were intended for any different class of debtors than those provided for in the clauses which precede and follow it.

The object of the statute was to prevent individual debtors and their families from being reduced to want by securing to them some of the comforts and necessaries of life for their temporary need, and tools with which the debtor may continue to earn a living. Partners are entitled to exemptions only as individuals and out of property which they individually own. *Peaslee* v. *Sanborn*, 68 N. H. 262. The same conclusion was reached under similar statutes in *Pond* v. *Kimball*, 101 Mass. 105, and *Bonsall* v. *Comly*, 44 Pa. St. 442.

*Exception overruled.*

BLODGETT, J., did not sit: the others concurred.