## In re TURNOCK & SONS.

### TURNOCK et al. v. HIBBARD, SPENCER, BARTLETT & CO.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1916.)

No. 2270.

1. BANKRUPTCY ☞397—EXEMPTIONS—APPLICATION OF STATE LAWS.

While, by the express provision of Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (Comp. St. 1913, § 9590), the state law is controlling as to the character and amount of exemptions to be allowed to a bankrupt, the distinction between firm and individual property in the administration of a bankrupt estate is to be determined as a matter of general law in the federal courts, irrespective of the views of the state court of the bankrupt's domicile, in equity or under insolvency acts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 678; Dec. Dig. ☞397.]

2. BANKRUPTCY ☞397—EXEMPTIONS—FIRM AND INDIVIDUAL PROPERTY.

Where, shortly before a partnership was adjudicated a bankrupt, it was dissolved and its property was divided among the partners, such prop-

erty remained firm property, and under the law of Indiana, under which no exemptions are allowed out of partnership assets, the partners were not entitled to exemptions from the former firm property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 678; Dec. Dig. ☞397.]

Petition to Review and Revise Order of the District Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

In the matter of Turnock & Sons, bankrupts. The objections of Hibbard, Spencer, Bartlett & Co. to the trustee's report setting off exemptions to Richard Turnock, Sr., and others, were sustained, and the bankrupts file a petition to review and revise. Petition dismissed.

James Turnock, of Chicago, Ill. (Hughes & Arnold, William E. Wider, and Edward B. Zigler, all of Elkhart, Ind., of counsel), for petitioners.

James H. State, of Elkhart, Ind., for respondent.

Before KOHLSAAT, MACK, and ALSCHULER, Circuit Judges.

MACK, Circuit Judge. On October 22, 1914, Turnock & Sons, a partnership, was dissolved, and the property, worth $3,500, was divided among the members of the firm, all residents of Indiana. The firm liabilities were $11,000. Each partner knew of the insolvency. The dissolution was for the express purpose of enabling each of them to claim $600 exemptions, and for no other purpose. On October 30, 1914, one of them filed his voluntary petition in bankruptcy, and an involuntary petition was filed to have the firm adjudged bankrupt. Adjudications followed as to the firm and each member individually. The individual assets were merely nominal.

The question arising on the petition to review and revise is whether the referee and the District Court erred in sustaining the firm creditors' objection to the report of the trustee setting off to each partner for exemptions certain property which had belonged to the firm and which in the dissolution division had been apportioned as between them.

[1] While, by the express provision of Bankr. Act, § 6, the state law is controlling as to the character and amount of exemptions to be allowed to a bankrupt, the distinction between firm and individual property in the administration of a bankrupt estate is to be determined as a matter of general law in the federal courts, irrespective of the views of the state court of the bankrupt's domicile, in equity or under insolvency acts.

[2] In re Filmar, 177 Fed. 170, 100 C. C. A. 632, we held that as to the former firm assets coming into the possession of a trustee in bankruptcy a firm creditor is entitled to priority as against individual creditors of a bankrupt partner who had bought out his copartner a month before and had assumed the firm debts. For the purposes of administration, such assets despite dissolution are to be considered partnership property. In re Mayou, 4 De Gex, J. & S. 664. No reason is apparent for a different rule as between the bank-

rupt and his creditors. And as Indiana (Goudy v. Werbe, 117 Ind. 154, 160, 19 N. E. 764, 3 L. R. A. 114), unlike Wisconsin (In re Friedrich, 100 Fed. 284, 40 C. C. A. 378), allows no exemptions out of partnership assets, none can be claimed by these bankrupts out of the property now in the hands of the trustee and specifically identified as part of the former firm property (In re Bergman, 2 N. B. N. & R. 806).

Even if the state law in analogous proceedings were binding, it is to be noted that in Goudy v. Werbe, supra, the dissolution was effected, not, as in this case, by a division of the firm assets among the partners, without making any provision whatsoever for the payment of the debts, but by a sale to one partner, who assumed the payment of the debts. Moreover, that sale was expressly found to have been made in good faith, without intent to hinder creditors, and without any purpose of securing the exemptions.

We cannot agree with Crawford v. Sternberg, 220 Fed. 73, 135 C. C. A. 641, that moneys, withdrawn by each partner with the consent of his copartners, on the eve of bankruptcy and for the purpose of thereby securing an exemption, may be thus retained by him. In so far as such moneys are in his possession at the time of filing the petition, they must be deemed firm, not individual, assets, for all purposes. See, too, Amundson v. Folsom, 219 Fed. 122, 135 C. C. A. 24; In re Abrams (D. C.) 193 Fed. 271.

It therefore becomes unnecessary to determine whether so much of the findings, denominated by the referee "findings of fact," as holds that the dissolution was fraudulent, as to firm creditors, is, in the light of the other findings, a conclusion of law or fact.

The petition must be dismissed.