G. JENSEN, Appellant, v. WM. WIERSMA, Sheriff, Appellee.

**EXEMPTIONS:** Debtor's Interest in Partnership Property. A partner, though a resident head of a family, may not claim his interest in partnership personal property exempt from levy and sale under execution to satisfy partnership debts.

*Appeal from Sioux District Court.*—W. D. BOIES, **Judge.**

FEBRUARY 19, 1919.

ACTION for damages for the value of certain personal property, claimed to be exempt, which was sold by the sheriff upon execution.—*Affirmed.*

*Hatley & Van de Steeg,* for appellant.

*Klay & Klay* and *W. C. Leonard,* for appellee.

STEVENS, J.—The defendant, as sheriff of Sioux Coun-

ty, levied an execution upon certain hay, corn, and eight pigs, alleged to be under six months of age, and sold the same to satisfy a judgment against the plaintiff and H. D. F. Leck, in favor of their landlord, for rent. Prior to the sale, each of the above-named parties separately notified the defendant in writing, under oath, that they were married men, heads of families, and that they claimed that the above property was exempt from execution sale. As we understand the record, plaintiff and Leck were copartners in the leasing and operation of a farm, and the property in question belonged to the partnership.

The principal question for decision is whether a partner who is a resident head of a family may claim his interest in personal property, owned by a partnership, exempt from levy and sale under execution to satisfy partnership debts. While the courts are not entirely harmonious upon the question, the great weight of authority holds that such property is not exempt. A partnership is a separate and distinct entity, and holds the partnership property in trust for the payment of its debts. The property does not belong separately to the individual partners, but to the distinct entity. After the payment of the debts of the copartnership, and division of the property between the parties, the right to claim the statutory exemption exists. The question whether a member of a partnership is entitled to hold his interest in the property thereof as exempt has not been squarely passed upon in this state, but enough has been said to indicate that he cannot. *Haynes v. Kline*, 64 Iowa 308; *Hewitt v. Rankin*, 41 Iowa 35; *Drake v. Moore*, 66 Iowa 58; *Hoyt v. Hoyt*, 69 Iowa 174. As bearing upon this question, see *Cowan v. Creditors*, 77 Cal. 403 (19 Pac. 755); *McCrimmon v. Linton*, 4 Colo. App. 420 (36 Pac. 300); *Hart v. Hiatt*, 2 Ind. T. 245 (48 S. W. 1038); *Regenstein v. Pearlstein*, 32 S. C. 437 (11 S. E. 298); *Bateman v. Ed-*

*gerly,* 69 N. H. 244 (45 Atl. 95) ; *Lynch v. Englehardt-Win ning-Davison Merc. Co.,* (Neb.) 96 N. W. 524.

Counsel for appellant relies upon *Sterman v. Hann,* 160 Iowa 356, but this case is not in point. The property involved in the *Sterman* case was a safe, owned jointly by the husband, who was a physician, and his wife, and was used exclusively by the former, in which he kept his instruments and other small personal effects. The property did not belong to a partnership, as none existed. The court held that the debtor, as the head of a family, was entitled to claim the statutory exemption of his interest in the safe; whereas property of a partnership belongs neither to one nor the other of the partners individually, but to the separate entity. *Cowan v. Creditors,* supra; *Goudy v. Werbe,* 117 Ind. 154 (19 N. E. 764) ; *Aultman, Miller & Co. v. Wilson,* 55 Ohio St. 138 (44 N. E. 1092).

If the property in question were simply owned jointly by the plaintiff and Leck, who assigned his interest therein to plaintiff before suit was commenced, and not to the partnership, the *Hann* case would be decisive. The record is short, but the facts are not apparently in dispute. We hold, therefore, that the trial court did not err in directing a verdict in defendant's favor, and it follows that the judgment must be—*Affirmed.*

Ladd, C. J., Gaynor and Salinger, JJ., concur.