## In re JACOBS et al.

District Court, W. D. Michigan, S. D. August 13, 1927.

Bankruptcy ⬤⟞397—Partners may not dissolve partnership on eve of bankruptcy and each claim exemption allowed a bankrupt (Bankruptcy Act, being 11 USCA § 23 [a]; Uniform Partnership Act Mich. §§ 25 [c], 30).

Since Bankruptcy Act, § 5a (11 USCA § 23), provides that a partnership may be declared a bankrupt, and since Uniform Partnership Act Mich. § 30 (Pub. Acts Mich. 1917, No. 72), provides that a partnership is not terminated upon mere dissolution, but continues until the winding up of the partnership affairs is completed, members of the partnership may not, on the eve of bankruptcy, by entering into a dissolution agreement, dissolve the partnership and divide the assets, and thereby defeat the intent of the Uniform Partnership Act Mich. § 25 (c) by each claiming the exemption allowed a bankrupt.

In Bankruptcy. In the matter of Sol Jacobs and Hyman Adelberg, individually and as copartners doing business as the New York Outlet, bankrupts. On petition for review of orders of the referee denying the petitions of the partners for an order directing the trustee in bankruptcy to set off and turn over exemptions to each petitioner. Referee's orders affirmed.

Chas. H. Kavanagh, of Niles, Mich., for bankrupt.

Hilding & Hilding, of Grand Rapids, Mich., for creditors.

RAYMOND, District Judge. This matter is before the court upon petition for review of orders of the referee denying the petitions of the above-named partners for an order directing the trustee in bankruptcy to set off and turn over to each petitioner his exemptions out of stock and fixtures.

The facts are undisputed. On December 31, 1925, petitioners, who were then copartners in the dry goods and clothing business in Benton Harbor, Mich., knowing that they were insolvent and that failure was imminent, for the express purpose of converting nonexempt property into exempt property and thereby saving a $250 exemption to each, entered into an agreement whereby the partnership was dissolved. The store was thereupon divided into two parts, one partner conducting·his business on one side of the store and the other conducting his business upon the opposite side of the store. On January 25, 1926, they joined in a circular letter to their creditors, offering 25 cents on the dollar in full settlement of claims. This resulted in the filing of an involuntary petition in bankruptcy, and an adjudication was made February 11, 1926.

The question presented is whether members of a partnership, knowing themselves to be insolvent, may, on the eve of bankruptcy, dissolve the partnership, divide the partnership assets between themselves, and thereby obtain individual exemptions. This is a mooted question, upon which the cases of Crawford v. Sternberg (C. C. A.) 220 F. 73, and In re Turnock & Sons (C. C. A.) 230 F. 985, disclose the divergent views. Discussion of the subject will also be found in Remington on Bankruptcy, § 2938. Careful consideration of the two cases above cited leads to the conclusion that the latter is supported by better reason and the weight of authority.

Section 30 of the Uniform Partnership Act (Pub. Acts Mich. 1917, No. 72), provides: "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." Section 5a of the Bankruptcy Act (11 USCA § 23) provides that "a partnership, during the

continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt." It seems clear that the effect of these provisions is that the members of a partnership may not, by the mere act of entering into a dissolution agreement immediately prior to bankruptcy, defeat the obvious intent of the Uniform Partnership Act that partners may not claim any right under the exemption laws in partnership property. See section 25 (e), Uniform Partnership Act.

The orders of the referee in bankruptcy herein are affirmed.