**In the Matter of Mildred Alice REESE, Bankrupt.**

**No. 26856.**

United States District Court
N. D. California, N. D.

Aug. 15, 1963.

Frederick L. Hilger, Eureka, Cal., for petitioner.

Milton Maxwell Newmark, San Francisco, Cal., for trustee-respondent.

HALBERT, District Judge.

Bankrupt wife has filed this petition for review [Title 11 U.S.C. § 67(c), § 39 (c) of the Bankruptcy Act] of the Referee's turnover order regarding certain funds deposited by her in Humboldt Federal Savings and Loan Association ($1,000)[1] and Metropolitan Credit Union ($1,499)[2] within four months of the commencement of these proceedings, and at a time when both she and her husband[3] were insolvent. Bankrupt wife contends that said deposits were made to take advantage of the California exemption laws noted in footnotes 1 and 2. The Referee found that the bankrupts were co-partners doing business as Myrtle Feed Store; that in contemplation of these bankruptcy proceedings, they took monies from their partnership and sold certain stock-in-trade of the partnership to obtain further monies; and that the monies so obtained were deposited in bankrupt wife's name as above noted.

The Referee entered a turnover order, compelling bankrupt wife to turn said deposits over to the Trustee.

Bankrupt wife relies on In re Dudley, D.C., 72 F.Supp. 943; and Crawford v. Sternberg, 8 Cir., 220 F. 73. The Dudley case relates specifically to the exchange of owned non-exempt assets for exempt assets. It is not specifically related to the instant case, except insofar as it cites with approval Crawford v. Sternberg, supra. Crawford v. Sternberg held that a co-partner was entitled to withdraw funds from a partnership for the specific purpose of making them personally exempt, at a time when the partnership was insolvent and contemplating bankruptcy. Such a procedure was held not to constitute a fraudulent conveyance of partnership funds.

The Trustee has cited Schefman v. De Groot, 6 Cir., 35 F.2d 950. Schefman apparently reached a decision contrary to Crawford v. Sternberg, supra, but bankrupt wife attempts to distinguish Schef-

---

1. California Financial Code § 11000: "Every federal savings and loan association incorporated under the provisions of the Home Owners' Loan Act of 1933 (12 U.S.C.A. § 1461), as now or hereafter amended, and the holders of shares or share accounts issued by any such association, respectively, have all the rights, powers, and privileges, and are entitled to the same exemptions and immunities granted, respectively, to savings and loan associations organized under the laws of this State and to the holders of investment certificates, membership shares, or guarantee stock of domestic associations."

California Code of Civil Procedure § 690.21: "Shares of stock in any building and loan association to the value of one thousand dollars."

2. California Financial Code § 15406: "The shares and certificates for funds received of members of any credit union and all the accumulation on such shares and certificates are exempt from sale on execution and proceedings supplementary thereto, to the amount of one thousand five hundred dollars ($1,500).

3. Bankrupt husband's claim of exemption under these provisions is apparently not challenged by the Trustee. See Bankruptcy No. 26855, records of this Court.

man on the basis of the fact that no prior withdrawal of partnership assets had occurred before the petition in bankruptcy was filed.

It is to be noted that § 67(d) (4) of the Bankruptcy Act [Title 11 U.S.C. § 107(d) (4)] provides that every transfer of partnership property to a partner within a year of the bankruptcy petition is fraudulent as to existing partnership creditors if the partnership is insolvent or will be rendered so by the transfer. The effect of this provision, in states in which the Uniform Partnership Act has been adopted,[4] is discussed in 1 Collier on Bankruptcy, § 6.09, at pp. 833–834:

> "Formerly it had been held by some courts that the assets of a partnership might be severed by dissolution even shortly before bankruptcy and while insolvent, so that the individual members could then claim exemptions in their respective portions where there was no actual fraud. [Citing Crawford vs. Sternberg, supra; In re Friedrich, 100 Fed. 284; In re Kolber, 193 Fed. 281; and Matter of McConnell & Williams, (Ref., Cal.)]. This procedure, however, has been nullified by the provisions of § 67(d) (4), which raise a conclusive presumption that such a transfer is fraudulent as to creditors and hence voidable by the trustee. Such assets, therefore, remain in the partnership estate and the partners will not be able to claim exemptions from them. [Citing Matter of Jacobs & Adelberg, 21 F.2d 1006]."

Thus, since partnership assets are not the proper subject of claims for personal exemptions, and since § 67(d) (4) prohibits every transfer of partnership property to a partner within a year of the filing of a bankruptcy petition when the partner either is or will thereby be rendered insolvent, bankrupt wife's reliance upon Crawford v. Sternberg is misplaced. In this connection, it is to be noted that no consideration was given to § 67(d) (4) of the Bankruptcy Act in In re Dudley, supra.

 Bankrupt wife attempts to avoid the application of § 67(d) (4) of the Bankruptcy Act by referring to that portion of § 67(d) (1) of the Act which provides that,

> "For the purposes of, and exclusively applicable to, this subdivision: (a) 'Property' of a debtor shall include only his nonexempt property."

The theory thus advanced appears to be that, since deposits in savings and loan associations and credit unions are exempt up to specified amounts, they are not to be considered "property" as that term is used in § 67(d) (4) of the Act. This theory is clearly a "bootstrap" argument. It overlooks the fact that the availability of a given exemption is to be found in the nature of the property involved. Thus, monies involved in a savings and loan deposit are not exempt until they are actually deposited and the exemption is claimed. In the instant case, the monies transferred to bankrupt wife were partnership property at the time of the transfer, and even if said monies had not

---

4. California has adopted the Uniform Partnership Act (California Corporations Code § 15001 et seq.). The significance of this fact is set forth in 1 Collier, at p. 832:

> "Where a partnership exists, the problem of whether the members of a bankrupt partnership can claim exemptions from the partnership assets depends upon state law. The first inquiry should be whether the Uniform Partnership Act is in force in the jurisdiction in question, because, if it is, a partner cannot claim exemptions in firm property."

The basis for this statement is found in § 15025(2) (c) of the California Corporations Code, which provides as follows:

> "A partner's right in specific partnership property is not subject to attachment, or execution, except on a claim against the partnership. When partnership property is attached for a partnership debt the partners, or any of them, or the representatives of a deceased partner, cannot claim any right under the homestead or exemption laws."

(See also, e. g., Cowan v. Their Creditors, 77 Cal. 403, 19 P. 755; and Kingsley v. Kingsley, 39 Cal. 665).

been transferred in conjunction with a condition of insolvency, they would not have acquired even a potentially exempt status until the moment of their deposit as exempt funds. In short, the transfer was of nonexempt property, which was subsequently converted into exempt property. Since the monies at the time of their transfer were nonexempt, § 67(d) (1) (a) is inapplicable to the transfer in question, and bankrupt wife's contention is without merit.

It is, therefore, ordered that the Referee's turnover order, involving bankrupt wife's deposits in the Humboldt Savings and Loan Association and the Metropolitan Credit Union, be, and the same is, hereby affirmed;

And it is further ordered that bankrupt wife's petition for review of said order be, and the same is, hereby dismissed.