## BUTLER and others, Trustees, *v.* DOUGLASS and others.

*(Circuit Court, E. D. Arkansas. ——, 1880.)*

1. EQUITY — STATE AND FEDERAL COURTS.—In the determination of a question of equity law, the federal and state courts appeal to the same sources of information on equity jurisprudence, and the decisions of either are not binding on the other.

2. SAME—VENDOR'S LIEN—FORECLOSURE—STATUTORY BAR.—In Arkansas there is no statutory bar to a suit in equity to foreclose a vendor's lien for the purchase money of real estate, where the vendor has not parted with the legal title.

3. SAME—SAME—SAME—REASONABLE TIME.—In such case the lien must be enforced within a reasonable time, and the federal courts hold that that reasonable time is not less than 20 years.

4. SAME—LEGAL TITLE—BONA FIDE PURCHASE—NOTICE.—The protection extended by a court of equity to a *bona fide* purchaser belongs only to the purchaser of the legal title without notice of an outstanding equity. He who purchases no legal title is not protected, even though without actual notice.

*B. C. Brown,* for plaintiffs.

*Pindall, Dodge & Johnson,* for defendants.

McCRARY, C. J. This cause has been submitted upon the pleadings and proofs. The facts are as follows: The complainants, being the owners of the real estate described in the bill, contracted to sell the same to B. W. Lee and Alfred Douglass. Lee gave notes for the purchase money, and complainants, retaining title in themselves, gave a bond conditioned for a conveyance upon payment of the notes.

The purchase-money notes are still held unpaid by complainants, who bring this suit to enforce their vendor's lien. The purchasers, B. W. Lee and Alfred Douglass, sold the land to the defendant Thomas Douglass, making to him a deed, under which he entered into possession and had held the same for a period of about 18 years prior to the commencement of this suit. There is a plea of the statute of limitations.

1. The supreme court of this state have decided that there is no statutory bar to a suit in equity to foreclose a vendor's lien for the purchase money of real estate where the vendor has not parted with the legal title. *Hall* v. *Denckla*, 28 Ark. 510. Whether, therefore, a federal court of equity in this state should, by analogy, adopt as the period of limitation the length of time required to bar an action at law for the purchase money, or an action of ejectment for the land, or whether the payment of the purchase money and satisfaction of the lien will only be presumed after the lapse of 20 years, is a question of equity law to be determined by a resort to the recognized authorities and sources of information on equity jurisprudence.

In the determination of such a question of equity law the federal and state courts appeal to the same sources of information, and the decisions of either are not binding on the other. *Johnston* v. *Roe*, 10 Cent. Law Jour. 328, [S. C. 1 Fed. Rep. 692,] and cases cited.

2. The defendant Thomas Douglass was not an innocent purchaser without notice, because his grantors had only an equity in the land. He was bound to take notice of the fact that the legal title was in complainants, and held as security for the unpaid purchase money. The protection extended by a court of equity to a *bona fide* purchaser belongs only to the

purchaser of the legal title without notice of an outstanding equity. He who purchases no legal title is not protected, even though without actual notice. Story's Eq. Jur. § 1502; *Vattier* v. *Hinde et al.* 7 Pet. 252.

3. When a purchaser goes into possession under a contract of purchase, equity makes the vendor a trustee to the vendee for the conveyance of the title; the vendee is a trustee for the payment of the purchase money and the performance of the terms of the purchase. 10 Pet. 225; *Lewis* v. *Hawkins*, 23 Wall. 119. Such a trust, however, must be enforced within a reasonable time. What that reasonable time is may be somewhat unsettled, and may vary according to circumstances; but it is settled, so far as the federal courts are concerned, that it is not less than 20 years. *Boone* v. *Childs*, 10 Pet. 177, 223–224; *Lewis* v. *Hawkins*, *supra*. The statute of limitations did not run against complainants during the war of the rebellion. *Brown* v. *Hiatts*, 15 Wall. 178. As the time of the defendant's occupancy has been less than 20 years, exclusive of the period of war, the defence of the statute of limitations is not good, and there must be a decree for complainants.

ON REHEARING.

McCRARY, C. J. Upon motion of counsel for respondents, in the foregoing case, a reargument was ordered, and the case has been reconsidered. It is insisted that it has become a rule of property in Arkansas that suits in chancery, to enforce a lien upon real estate created by sale under title bond, must be commenced within the same period limited by law for bringing ejectment, in analogy to the statute of limitations. This suggestion is answered by the case of *Lewis* v. *Hawkins*, 23 Wall. 119, which went up from Arkansas. In that case the supreme court say: "In many of the cases it is held that the lien of the vendor, under the circumstances of this case, is substantially a mortgage. It is well settled that the possession of the mortgagor is not adverse to the mortgagee. In the case last cited it is said that to apply the statute of limitations 'would be like making the lapse of

time the origin of title in the tenant against his landlord.' That the remedy upon the bond, note, or simple contract for the purchase money is barred in cases like this, in no-wise affects the right to proceed in equity against the land. As in respect to mortgages, the lien will be presumed to have been satisfied after the lapse of twenty years from the maturity of the debt, but in both cases laches may be explained and the presumption repelled. The principles upon which this opinion proceeds are distinctly recognized in *Harris* v. *King*, 16 Ark. 122. That case alone would be decisive of the case before us. The considerations which apply where the vendor in such cases resorts to an action of ejectment were examined by this court in *Burnett* v. *Caldwell*, 9 Wall, 290." The case of *Burnett* v. *Caldwell* here referred to seems to establish conclusively the doctrine that the vendee, under a bond for a deed, though placed in possession by the vendor, does not hold adversely to the latter. The court say: "If the contract stipulates for possession by the vendee, or the vendor puts him into possession, he holds as a licensee. The relation of landlord and tenant does not exist between the parties. The characteristic feature of that relation is wanting. The vendee pays nothing for the enjoyment of the property. The case comes within the category of a license. In such cases the vendee cannot dispute the title of the vendor, any more than the lessee can question the title of his lessor."

In *Harris* v. *King*, (16 Ark. 122,) the supreme court of Arkansas recognized the doctrine announced in these decisions. I do not feel at liberty to depart from that doctrine, and I do not think it can be maintained that a different rule has been, by other and later decisions, so firmly established in Arkansas as to constitute a settled rule, respecting property in that state, which the federal courts are bound to follow. The doctrine that the purchaser who enters into possession without obtaining a conveyance of the legal title, and without paying the purchase money, who holds only under a bond for a deed, to be executed when the purchase price is paid, is a mere licensee, and a trustee for his vendor, having no adverse relation to him, is so well grounded in reason, and so thor-

oughly fortified by authority, that I am not disposed to depart from it. By the very fact of taking and holding under a bond for a deed to be thereafter executed by the vendor, such a purchaser recognizes the title of his vendor, and acknowledges himself as holding in subordination, and not in antagonism, to it. True, this relation may subsequently be changed, and the purchaser may assume an adverse position; but, when this is claimed, it must be shown by proof. If it appears that he entered into possession under a bond for a deed, and in amity with the holder of the fee, the law will presume a continuance of that relation until the contrary appears. And it is equally clear that one who purchases from the holder of a mere equity of this character takes no greater rights, or stronger equity, than his vendor possessed.

It is said that the lien of the vendor in such a case is substantially a mortgage, and that a suit to foreclose a mortgage must be brought within the period fixed for commencing an action of ejectment to recover possession of the land. But this position is directly in conflict with the ruling of the supreme court of the United States in *Lewis* v. *Hawkins*, *supra*, where it is held that "the possession of the mortgagor is not adverse to that of the mortgagee," and that to apply the statute of limitations "would be like making the lapse of time the origin of title in the tenant against his landlord;" and where it is said that the lien of a mortgage "will be presumed to have been satisfied after the lapse of 20 years from maturity of the debt," unless the laches be explained, and the presumption repelled. It seems to me that this decision establishes the rule by which I must be governed as a matter of authority. It also commends itself to my mind as eminently just and reasonable.