## Hawley v. Hampton et al., Appellants.

*Debtor's exemption—Waiver—Joint ownership—Pledge of stock.*
The joint owners of a certificate of stock pledged for a joint debt cannot claim the exemption of three hundred dollars out of the proceeds of a sheriff's sale of the stock.

A pledge of personal property implies a waiver of the benefits of the exemption law.

Argued Jan. 31, 1894.   Appeal, No. 23, Jan. T., 1894, by defendants, Joseph H. Hampton and George J. Humbert, from order of C. P. Montgomery Co., Oct. T., 1893, No. 2, setting aside appraisement under exemption law.  Before GREEN, WILLIAMS, MCCOLLUM, DEAN and FELL, JJ.   Affirmed.

Motion to set aside appraisement under exemption laws.

The facts appear by the following opinion, by WEAND, J. :

" The plaintiff is a holder of a note which reads as follows :

" ' Norristown, Pa., Dec. 1, 1892.

" ' Four months after date we, or either of us, promise to pay to the order of S. D. Hawley, at First National Bank of Norristown, Norristown, Pa., seven thousand dollars without defalcation, for value received, having deposited herewith (140) one hundred and forty shares capital stock of the Norristown Steel Co. as collateral security, which we authorize the holder of this note, upon the nonperformance of this promise at maturity, to sell either at the brokers' board or at public or private sale, without demanding payment of this note or the debt due thereon, and without further notice ; and apply proceeds, or as much thereof as may be necessary, to the payment of this note and all necessary expenses and charges, holding us responsible for any deficiency.                JOSEPH H. HAMPTON,

" ' GEO. J. HUMBERT.'

" The certificate for the shares stood in the name of ' Hampton & Humbert,' and it was transferred in blank by ' Hampton & Humbert,' and was and is in custody of plaintiff.

" Judgment having been obtained upon the note, a fi. fa. was issued, and under it the sheriff levied upon the 140 shares of stock, whereupon each defendant made a claim for the benefit of the exemption laws ; and the sheriff had appraised and set apart to each defendant ' one half interest of 140 shares of the Norristown Steel Co., evidenced by certificate No. 416, at $2.50 per share.'

" The execution creditor now asks us to set aside said appraisement because : (1) ' The 140 shares, etc., being joint property of the defendants, is not subject to appraisement under the exemption.'    (2) ' The share being pledged as collateral for a debt, for which said execution is issued, as appears by the record of said court, the same is not subject to an appraisement under the exemption.'

" The facts show that this was a joint note, given for a joint debt.    The certificate shows joint ownership in the stock, and it was assigned as such.    Plaintiff, when he accepted the assignment, had a right to assume that the certificate spoke truly as to the ownership.    Had he been informed otherwise, he

might not have been satisfied with the collateral. There being, then, joint ownership in the stock, the defendants cannot claim the benefits of the exemption law. In fact, it is not capable of division within the meaning of the exemption law. The appraisement gives each a one half interest in the stock, which makes them again owners in common. It is not setting apart any specific property to either defendant. We are of opinion that the cases of Bonsall v. Comly, 44 Pa. 442, and Spade v. Bruner, 72 Pa. 57, are conclusive upon the subject, and that defendants were not entitled to the exemption.

"We think the second exception must also be sustained. This was not ' property owned by or in possession of the debtor,' for they had assigned their interest therein for the payment of the debt. The plaintiff had such property in the stock as that no other creditor of defendant could levy upon or sell it free from plaintiff's lien. Until his debt was paid, he had the right to dispose of the stock and appropriate the proceeds towards the payment of the debt for which it was security. The defendants could waive the benefits of the exemption law, and this they in effect did by their assignment. The act contemplates a case where a creditor attempts to deprive the debtor of his property against his will ; but when the debtor voluntarily passes it over for the very purpose of paying or securing his debt, he has no standing to reclaim it. Otherwise, to secure a debt of fifty dollars a debtor would have to assign at least $350 worth of property. The hardship to the debtor of such a rule shows its unreasonableness.

" The exceptions are sustained, and the appraisements are set aside."

*Error assigned* was in setting aside appraisement.

*J. P. Hale Jenkins*, for appellants, cited : Spade v. Bruner, 72 Pa. 57 ; Stewart v. Brown, 37 N. Y. 350.

*Louis M. Childs*, *Montgomery Evans* with him, for appellee, cited : Bonsall v. Comly, 44 Pa. 442 ; Spade v. Bruner, 72 Pa. 57 ; Gangwere's Ap., 36 Pa. 466 ; Bryar's Ap., 111 Pa. 81 ; Allentown's Ap., 109 Pa. 75 ; McAuley's Ap., 35 Pa. 209 ; Blackburne's Ap., 39 Pa. 160 ; Commissioners v. Canan, 2 Watts,

1894.]                    Arguments—Opinion of the Court.

107 ; Elbert v. Moffly, 2 Pa. C. C. R. 71 ; Register v. Sellers, 4 Pa. C. C. R. 490 ; Davis v. Funk, 89 Pa. 243 ; Sitgreaves v. Bank, 49 Pa. 359.

PER CURIAM, February 12, 1894 :

The judgment in this case is affirmed on the opinion of the learned judge of the court below.

Judgment affirmed.