## In re RUDNICK.

(District Court, D. Washington, W. D. July 7, 1900.)

1. BANKRUPTCY—SALE OF PARTNERSHIP PROPERTY—TITLE OF TRUSTEE.

The sale by one partner to his co-partner, when the firm has become insolvent, of his entire interest in the business and property of the firm, and the subsequent bona fide sale by the succeeding partner to a third person of the entire property of the firm, which in his hands was exempt from execution, is not such a disposition of the property of the firm as can be avoided by the firm's trustee in bankruptcy, under Bankr. Act 1898, § 70, providing that the trustee may avoid any transfer by the bankrupt of his property which any creditor might have avoided, unless he was a bona fide holder for value prior to the date of adjudication.

2. SAME—PREFERENCES.

The transferee under a sale by one partner to his co-partner of his entire interest in the property of the firm not being a creditor, and the effect of the transfer being a loss to all the creditors of the firm, such transfer cannot be impeached as a preference, under Bankr. Act 1898, § 60, making any transfer by an insolvent debtor within four months preceding the filing of a 'petition in bankruptcy a preference which may be avoided by the trustee of the bankrupt.

This is a case of involuntary bankruptcy, certified to the court by Warren A. Worden, referee, for decision of a controversy as to the right of the trustee to have possession of merchandise formerly owned by the bankrupts as co-partners, and now claimed by Albert L. Fisher, who purchased the same from one of the partners. Decision of the referee in favor of the trustee reversed. ●

Walter Loveday, for trustee.
D. F. Murray and John C. Stallcup, for creditors.
B. A. Crowl, for Albert L. Fisher.
James Wickersham, for Louis Rudnick.

HANFORD, District Judge. Upon a petition filed by the trustee, the referee made an order requiring the sheriff of Pierce county to show cause why certain merchandise in his custody under a writ of attachment issued by the superior court of the state of Washington for Pierce county should not be surrendered to the trustee. The attachment having been dissolved, the sheriff filed an answer disclaiming any right to retain the goods under the writ of attachment, and alleging that Albert L. Fisher claims to have been in possession of the goods when they were seized, and now demands that they be restored to him. Said Fisher also filed an answer alleging his ownership of the goods and right of possession, by purchase from Louis Rudnick. one of the bankrupts. The trustee filed a reply to the answer of Fisher, making an issue as to the ownership of the property. The material facts in the case were agreed to and stipulated by the parties, and upon a hearing the referee ordered the sheriff to deliver the property to the trustee. Pursuant to a petition by Fisher for a review of the referee's decision, the question has been certified to the court. The facts to be considered as agreed to and stipulated by the parties are as follows:

"(1) That on and prior to the 28th day of November, 1899, David Rudnick and Louis Rudnick were co-partners under the name of Rudnick Bros., and engaged in the business of merchant tailors at Tacoma, Pierce county, Washington. (2) That on the said 28th day of November, 1899, the said co-partnership was dissolved by mutual consent, and David Rudnick on the said day sold and transferred all his interests in the said business and co-partnership property to the said Louis Rudnick for the consideration set forth in Exhibit A, attached to the further answer of Albert L. Fisher herein, at which date said firm was totally insolvent. (3) That on the said day the said David Rudnick withdrew from the said co-partnership business, and the same was thereafter conducted by Louis Rudnick. (4) That notice of the said dissolution was given as set forth in paragraph 11 of the said further answer of Albert L. Fisher. (5) That the said Louis Rudnick is now, and was prior to December 30, 1899, a married man. a householder, and the head of a family consisting of himself and wife, and that he and his said family were then, and now are, residents of the city of Tacoma. Pierce county, Washington, and that he is now. and was at all the times mentioned, a merchant, and that his trade was at all said times that of merchant tailor, and that all the goods mentioned and referred to in the petition and order to show cause herein, and all the goods and merchandise owned by and in the possession of the said Louis Rudnick on the said 30th day of December, 1899, did not exceed in value the total sum of $350, and that the same consisted of tools, instruments, and material used to carry on his said trade of merchant tailor. (6) That on the 30th day of December, 1899, Louis Rudnick sold, assigned, transferred, and delivered to the said Albert L. Fisher all the goods and merchandise mentioned and referred to in the foregoing paragraph, being the same goods described in Exhibit A attached to the answer of Albert L. Fisher, and on the said day executed and delivered to the said Albert L. Fisher a bill of sale, marked Exhibit B, and attached to the said further answer of Albert L. Fisher herein. which said bill of sale was duly recorded in the office of the auditor of Pierce county. Washington, on the 4th day of January, 1900, as shown in said Exhibit B. (7) That the consideration for the said conveyance was the prior individual indebtedness of the said Louis Rudnick to said Albert L. Fisher, amounting to the sum of $130, and the further sum of $50 in lawful money paid to the said Louis Rudnick by the said Fisher on said 30th day of December, 1899. (8) That the said Albert L. Fisher was not at the time of the filing of the petition in bankruptcy herein, nor at any of the times mentioned, and is not now, a creditor of the co-partnership of Rudnick Bros. (9) That the actual and true value of the property mentioned in paragraph 6 did not on said 30th day of

December, 1899, exceed the sum of three hundred and fifty dollars, and that it is now of less value; that said Louis Rudnick was not at any of the times mentioned herein the owner of other property in addition to that mentioned, to exceed in value the sum of twenty-five dollars, and was not at any of said times, and is not now, the owner of any cows, calves, swine, bees, or domestic fowls, nor any provisions or fuel for the maintenance of himself and family."

It is Mr. Fisher's contention that, by the voluntary act of David Rudnick in transferring all of his interest in the property to Louis Rudnick, it ceased to be partnership property, and became the individual property of Louis Rudnick, and exempt from execution, by virtue of the statutes of this state. He also claims that a bankrupt debtor has such an absolute title to property which may be held against attaching and execution creditors under the exemption laws that he may lawfully sell it or dispose of it by giving a preference to one or more of his creditors. It appears to be conceded that Louis Rudnick is entitled, by the statutes of this state, to claim exemptions out of his individual property equal in value to the whole of the property here in controversy, and that if this property did become his, by virtue of a transfer to him of the interest of David Rudnick, valid and binding upon creditors of the firm, the subsequent sale to Fisher is also valid and binding upon the firm's creditors, and upon the trustee appointed pursuant to the national bankruptcy law. One partner has not such an absolute right to the assets of his firm that he can appropriate any part to his separate use without the consent of his co-partner. Each partner has a right to have all the assets of the firm held for payment of the firm debts, and for this reason partners are not permitted to claim exemptions out of the partnership property. The "reason for the rule ceases, however, and with it the rule itself, when the partnership property loses its character as such, and is converted into individual property of the partners, before a partnership creditor has acquired a lien thereon. Partnership creditors have no lien, as such, upon the partnership property for the payment of their claims; and if one partner sells his interest in partnership property to the other in good faith, and before a partnership creditor has levied upon it, the purchaser may claim his exemption." 12 Am. & Eng. Enc. Law (2d Ed.) 157. "The mere insolvency of the firm at the time of the conversion of the partnership into individual property by a sale or division between the partners does not affect the right to claim an exemption." Id. 158. Exemption laws are based upon a wise policy, to save families from becoming so completely impoverished as to become burdens upon the community, and they should be construed liberally to effect the purpose for which they were enacted. On the other hand, the head of a family, who pursues his trade or calling in partnership with others, and who owns nothing except his interest in the assets of his firm, is prevented from claiming exemptions out of the partnership property by a very technical rule, and there should be no straining to extend the rule so as to defeat the policy of the law giving exemptions to poor debtors. The bankruptcy law provides that the trustee of the estate of a bankrupt upon his appointment and qualification becomes, by operation of law, the successor of the bankrupt as to all property and property rights not exempt from execu-

tion, and the title of the trustee relates to and becomes effective from the date on which the court adjudges the bankrupt to be a bankrupt. The right and title of a trustee is, in general, the same as the right and title which the bankrupt possessed prior to the adjudication, but to this is added authority to avoid fraudulent transfers of property. Subdivision "e" of the seventieth section of the bankruptcy law provides as follows:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value."

The facts in this case, as stipulated, afford no ground for impeaching the transfer of the property made to Mr. Fisher by creditors of the firm of Rudnick Bros. on the ground that he was not a bona fide purchaser for value. Therefore the trustee cannot claim rights, as a representative of creditors, superior to the rights of Rudnick Bros. after their voluntary transfer of the property to a bona fide purchaser for value. I am unable to concur with the referee in holding that by the transfer of David Rudnick's interest in the partnership property an unlawful preference was given, and that the transaction is voidable by the trustee under the provisions of the sixtieth section of the bankruptcy law. The transferee is not a creditor, and, if it be upheld, the transfer will not enable any creditor to obtain a higher percentage of his debt than any other creditor of the same class. The effect of the transaction is a loss to all creditors of the firm, and is strictly impartial. Therefore it cannot be impeached because it is preferential. For the reasons stated I am constrained to reverse the decision of the referee, and vacate the order requiring the sheriff to deliver the property to the trustee.