In re FILMAR.

LIPPINCOTT et al. v. KLOSTERMAN.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1910.)

No. 1,592.

1. BANKRUPTCY (§ 11*)—PARTNERSHIP ESTATES—EQUITABLE POWERS OF COURT.
   The various provisions of section 5 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]) are intended to vest a court of bankruptcy with full equity powers in dealing with partnership matters.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*]

2. BANKRUPTCY (§ 351*)—PARTNERSHIP—CLAIMS—PRIORITIES—EQUITABLE DISTRIBUTION OF ESTATE.
   Where a bankrupt a short time before his bankruptcy had purchased the interest of his partner in the property of a partnership of which he was a member, which constituted all of the property scheduled by him, a firm creditor with the consent of the retiring partner who appears for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

the purpose is entitled to payment of his debt from such property ahead of the claims of the bankrupt's individual creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 563, 564; Dec. Dig. § 351.*]

Appeal from the District Court of the United States for the Northern District of Illinois.

In the matter of John Filmar, bankrupt. Appeal by Lippincott and another from an order dismissing petitions for the allowance of Lippincott's claim as a preferred claim. Reversed.

William Street, for appellants.

James Rosenthal, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Swigert, a merchant tailor, in October, 1905, sold a third interest in his business to Filmar. The firm of Swigert & Filmar continued the business till January 8, 1906, when Swigert sold his interest to Filmar in consideration of a small money payment and Filmar's agreement to pay the partnership debts and save Swigert harmless therefrom. Partnership assets were then in excess of partnership debts. By payment and novation Filmar very shortly settled all partnership debts except one to appellant Lippincott. Lippincott refused to accept Filmar as debtor in place of the partnership, and proceeded to press Filmar for payment. Filmar, by various promises and representations, warded off Lippincott until February 20, 1906, when he filed his voluntary petition in bankruptcy. The property scheduled by Filmar and turned over to the trustee had all been property of the partnership. The scheduled debts were all separate individual debts of Filmar's except the debt to Lippincott. Thereupon Lippincott filed his petition, asking that his debt be paid from the assets ahead of the claims of Filmar's individual creditors; and Swigert filed a like petition, asking the same relief, without offering to repay the consideration he received on selling his interest to Filmar. The final decree dismissed these petitions for want of equity; and the petitioners have severally appealed.

With the property in custody and all the parties present, and no rights of innocent purchasers or transferees having intervened, a court of general equity powers would concededly award priority to Lippincott, because there had been no application of the property, with the consent of the partners, to the payment of individual debts (Sargent v. Blake, 160 Fed. 57, 87 C. C. A. 213, 17 L. R. A. [N. S] 1040), because Lippincott in his own right as a partnership creditor would be entitled to equity's rule of distribution, and because Swigert for his own protection would have the right to ask that Lippincott be first paid.

Was there less power in the bankruptcy court? Section 5a (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]) declares that:

"A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt."

Section 5f explicitly adopts the equity rule of administration. Section 5g authorizes the bankruptcy court to "marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates." These provisions, we think, indicate very clearly that Congress intended that the bankruptcy courts should have full equity powers in dealing with partnership matters. The particular objection here seems to arise from the fact that Swigert and the partnership were not before the court as bankrupts. Section 5c says that:

"The court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property."

And in section 5h it is provided that:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

Under the various provisions of section 5, what procedure on Lippincott's part would have been necessary or possible in order to invoke the full equity powers of the bankruptcy court, in case Swigert had not voluntarily appeared and filed his petition, we will not now inquire; for, with his appearance, the bankruptcy court had before it all parties in interest, and his petition was a consent that the partnership property be administered by that court in accordance with the equitable principles approved by Congress. Compare In re Wilcox (D. C.) 94 Fed. 84, 107; In re Jones (D. C.) 100 Fed. 781; In re Denning (D. C.) 114 Fed. 219; In re Head (D. C.) 114 Fed. 489.

The decree is reversed and the cause remanded, with the direction to enter a decree in accordance with the prayers of the petitions.