LOEWE et al. v. CALIFORNIA STATE FEDERATION OF LABOR et al.

(Circuit Court, N. D. California. July 25, 1911.)

No. 13,764.

1. INJUNCTION (§ 191*)—PERPETUATION.
Complainants are entitled to have a temporary injunction made perpetual, where the evidence on final hearing sustains the showing made to obtain the temporary injunction.
[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 410; Dec. Dig. § 191.*]

2. COURTS (§ 365*)—FEDERAL COURTS—JURISDICTION.
In administering their equitable jurisdiction, federal courts do not administer the laws of the state in which they sit, except so far as local statutes apply; decisions of the state courts being only persuasive.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950-971; Dec. Dig. § 365.*]

3. INJUNCTION (§ 101*)—BOYCOTTS—CONSPIRACY—INDIVIDUAL RESPONSIBILITY.
It is no defense to suit to restrain a boycott that defendants acted strictly under the rules of their trade union.
[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 174, 175; Dec. Dig. § 101.*]

In Equity. Bill by Dietrich E. Loewe and others against the California State Federation of Labor and others. Decree directed.

Francis J. Heney and John A. Wright, for complainants.
James G. McGuire and E. T. Barrett, for respondents.

VAN FLEET, District Judge. This is a bill in equity to restrain the respondents from the further prosecution of an unlawful conspiracy to destroy the trade and business of the complainants through the instrumentality of a boycott. The facts of the case, as disclosed by the bill and affidavits of the parties, will be found very

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r indexes

fully and elaborately stated in an opinion filed by Judge Morrow on motion for an injunction pendente lite (139 Fed. 71) and need not be here repeated.

[1] A careful review of the record submitted on final hearing discloses that the facts as there stated are in all material respects fully sustained by the evidence taken before the master; and, under those circumstances, it must be held, as contended by complainants, that the principles announced in that opinion as the basis of the order granting the preliminary injunction become the law of the case in this court, and fix the right of the complainants to have the injunction made perpetual. That ruling was not, as claimed by respondents, a purely tentative one, like an ex parte order granting a temporary restraining order. It was a ruling made in response to an order to show cause, and after a full hearing of the prima facie case made by the sworn bill and the affidavits of both parties; and, the showing then made being fully sustained by the evidence on the final hearing, the ruling becomes conclusive, excepting only on review by an appellate court.

[2] The proposition, now for the first time advanced by respondents, that under the facts stated in the bill this court never had jurisdiction to enjoin the respondents, is based upon an erroneous conception of the law. That proposition is, in substance, that while the case was properly brought in this court, by reason of diversity of citizenship of the parties, no federal question is involved or stated, and that the court is therefore simply administering the laws of the state; that under the decisions of the Supreme Court of this state the acts for which respondents are sought to be enjoined are held to be within the legal rights of labor organizations, and are not subject to be restrained by the courts; and, consequently, that the temporary injunction issued herein was without right and void from the beginning.

Assuming that this objection can be said, in any proper sense, to raise a question of jurisdiction, and without conceding that the decisions of the state court are to the effect stated, the fallacy of respondents' proposition lies in the fact that in the administration of their equitable jurisdiction the federal courts are not, as assumed, excepting so far as affected by local statutes, administering the laws of the state in which they sit, but are administering the law as applicable to all the states. And in applying the general principles of equity, such as alone are involved in this controversy, they determine for themselves what those principles are, untrammeled by differing decisions of the state tribunals. While the reasoning of a state court in determining such a question is always to be regarded with respect, and will be followed, if persuasive of a correct statement of the law, it is in no sense conclusive or binding upon a federal court.

The opinion of Judge Morrow in granting the preliminary injunction in this case will be found to be fully in accord, in so far as pertinent, with the principles announced by the Supreme Court in the case of Loewe v. Lawlor, 208 U. S. 274, 28 Sup. Ct. 301, 52 L. Ed. 488, a case originating out of the same labor controversy which gave rise to the present suit, and involving largely the same essential facts; the bill in fact being almost an exact replica of the one filed in this case.

While that was an action, in form, to invoke the protection of the anti-trust act of July 2, 1890, c. 647 (26 Stat. 209, c. 647 [U. S. Comp. St. 1901, p. 3200]), known as the "Sherman Act," many of the general considerations there stated have application to the present case; and it is conceded in respondents' brief that, if the court has jurisdiction here, the language of that case is broad enough to cover the acts here involved.

[3] Lastly, if the suggestions of counsel at the oral argument were intended to advance the idea that the individual defendants are protected from the consequences of their acts by the fact that they were acting strictly within the rules and regulations of their organization, the obvious answer is that the Constitution and laws of the country are still paramount to the rules of any private aggregation of men, and it is to those laws that we must look in determining whether the rights of one citizen have been violated by the acts of another.

It follows, from these considerations, that the complainant is entitled to a final decree making the temporary injunction heretofore granted permanent; and a decree to that effect may be prepared, granting a perpetual injunction against the defendants included within the preliminary writ.