## In re KOLBER.

(District Court, E. D. Pennsylvania. January 24, 1912.)

No. 3,852.

BANKRUPTCY (§ 397*)—PARTNERS—EXEMPTIONS.

In the absence of fraud, and a showing as to insolvency of a firm when it was dissolved, the assets validly vested in the succeeding member as an individual, entitling him to an allowance of an exemption in bankruptcy proceedings brought against him 14 days later.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 397.*]

In the matter of Pincus Kolber, bankrupt. On certificate of the referee on an order setting aside personalty as exempt. Affirmed.

Wessel & Aarons, for trustee.

Canard & Middleton and A. J. Smallwood, for bankrupt.

J. B. McPHERSON, District Judge. Certain chattels were set aside under the bankrupt's claim of exemption, and the trustee objected on the ground that the property was—

"not the individual asset of the said Pincus Kolber prior to his bankruptcy, but was part of the assets of the unsettled copartnership of Max Meyers and Pincus Kolber, trading as Meyers & Kolber."

The parties agreed upon the following facts:

"Meyers & Kolber dissolved partnership by written agreement 14 days before the petition in bankruptcy was filed against Pincus Kolber, and by the dissolution agreement the assets of the dissolved partnership vested in Pincus Kolber and the liabilities were assumed by him. During the 14 days between the dissolution and the bankruptcy Kolber continued the business as his own, and there was no fraud in the dissolution. The liabilities in the present proceeding are partnership debts of Meyers & Kolber, and the assets were the assets of the partnership of Meyers & Kolber, assigned to Pincus Kolber by the foregoing agreement, and in his possession as his property at the time of the bankruptcy. Meyers, the retiring partner, appeared as a witness and made no objection to the administration of the goods formerly belonging to the dissolved partnership in the proceedings: but he was never made a party by any formal order of the United States court, merely appearing as a witness under subpœna."

The referee overruled the trustee's objection, saying, inter alia:

"From the record I find that the partnership of the bankrupt and Max Meyers was dissolved in good faith by written agreement 14 days before the petition in bankruptcy was filed against Pincus Kolber. By the agreement of dissolution all of the assets were transferred to Pincus Kolber and all of the liabilities were assumed by him. Immediately after the dissolution, and up to the date of the filing of the petition in bankruptcy, Kolber continued the business as his own. The liabilities scheduled by Pincus Kolber are the liabilities of the late firm of Meyers & Kolber, and the assets which came into the hands of the trustee in bankruptcy were the assets of the late partnership of Meyers & Kolber, which had by the dissolution agreement come into the possession of Pincus Kolber as his individual property, and remained in his possession as such up to the time of his bankruptcy. Meyers, the former partner of Kolber, was not made a party to this proceeding, and the bankruptcy is not that of the partnership, but of Pincus Kolber individually, and late trading with Morris Eisenberg as Eisenberg & Kolber, and late trading with Max Meyers as Meyers & Kol-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

her. Meyers appeared as a witness before me. and made no objection to the administration of the assets formerly belonging to the partnership of which he had been a member.

"The bankrupt has claimed his exemption out of assets which thus came into the trustee's hands. The trustee now raises the question as to the right of the bankrupt to his exemption by reason of the fact that these assets were partnership assets, and not his individual property. It is settled law that during the operation of the partnership business the partners have a right to transform the partnership property into the individual property of one of the partners and to apply it to the payment of his individual debts, provided it is done in good faith, and before creditors intervene and bring the property of the partnership into court. Sargent v. Blake, 20 Am. Bankr. Rep. 124 [160 Fed. 57, 87 C. C. A. 213, 17 L. R. A. (N. S.) 1040].

"All question of fraud is eliminated from this controversy, and, there being no evidence of insolvency of the firm at the time of its dissolution (see In re Terens [D. C.] 23 Am. Bankr. Rep. 686, 687 [175 Fed. 495], and In re Perlhefter & Shatz [D. C.] 25 Am. Bankr. Rep. 576 [177 Fed. 299]), the bona fides of the transaction is established. The property in question being the individual property of the bankrupt, it follows logically that the owner is entitled to claim his exemption out of it. In re Rudnick [D. C.] 4 Am. Bankr. Rep. 531 [102 Fed. 750]."

The parties have chosen to submit this controversy upon the foregoing facts, which say nothing concerning the insolvency of the firm at the date of dissolution, nor concerning the state of accounts between the partners. The effect of such insolvency being, therefore, out of the case, and there being no fraud in the transaction, I agree that the firm assets were validly transformed into the individual assets of the bankrupt, and that the exemption should be allowed. To decide otherwise would amount to holding that partnership creditors have a secret lien upon partnership assets that follows them into the hands of a good-faith purchaser, and to holding, also, that such lien is superior to the right established by the public policy of the Pennsylvania exemption statutes. Joint owners may not be allowed exemption out of the joint property (Bonsall v. Comly, 44 Pa. 442; Spade v. Bruner, 72 Pa. 57; Hawley v. Hampton, 160 Pa. 18, 28 Atl. 471); but this is not a case of joint ownership.

The order is affirmed.