RAPPLE·v. DUTTON.*

In re LENNIG ENGINEERING CO.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1915.)

No. 2580.

1. PARTNERSHIP ☞232—PARTNERSHIP PROPERTY—CLAIMS.

Where, at a time when a firm was solvent, one of the members sold his interest to the other, who agreed to assume payment of the partnership debts, the seller partner lost his right to require partnership property to be devoted to the payment of partnership debts; and hence, on the subsequent bankruptcy of a corporation created by the purchasing partner, the seller cannot compel the application of partnership property to the payment of firm debts.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 481, 482; Dec. Dig. ☞232.]

2. COURTS ☞372—FEDERAL COURTS—RULES OF DECISION.

A decision of the California courts that partnership property, regardless of a sale by one partner of his interest to his copartner, must be applied to firm debts, though the firm was solvent at the time of the sale and the-purchaser assumed payment of the firm debts, is not a rule of property, nor one involving the construction of a state statute, and so is not binding on the federal court, being a mere declaration of a principle of equity.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 977–979; Dec. Dig. ☞372.

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

Petition for Revision of Proceedings of the District Court of the United States for the First Division of the Northern ·District of California, in Bankruptcy; Maurice T. Dooling, Judge.

In the matter of the bankruptcy of the Lennig Engineering Company. Application by J. W. Rapple against Harry A. Dutton, as trustee, to compel· the trustee to apply partnership assets to the payment of a firm debt. The application was denied, and the applicant petitions for review. Petition to review dismissed, and order affirmed.

The petitioner, Rapple, in a petition for revision of a proceeding in bankruptcy, presents for review a ruling of the District Court upon the petitioner's right to require the application of a partnership asset to the payment of a debt of one of the partnership creditors, which debt had been reduced to

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied November 1, 1915.

judgment against the partnership and its members. The partnership consisted of Rapple and Lennig. On December 30, 1910, it was dissolved by mutual consent, and Lennig bought out Rapple's interest, took over the partnership assets, and assumed payment of the partnership debts. He paid Rapple for his interest $6,000 cash, and gave him a note for $2,800. There was no agreement that the partnership assets should be used for the payment of the partnership debts. It does not appear that the partnership was then insolvent, or that the transfer was not made in good faith. Lennig continued the business as sole owner until August 5, 1911, when he organized the Lennig Engineering Company, a corporation, and transferred to it the assets of the business, receiving in payment therefor the whole of the capital stock excepting four shares, which were used to qualify directors. About a year later the corporation was adjudged a bankrupt. Among the assets that came into the hands of the trustee in bankruptcy was a fund of $783.44, which arose as profits upon the completion of a contract which had been entered into by the copartnership before its dissolution. The Asbestos Manufacturing & Supply Company, a general creditor of the copartnership, had obtained a judgment against the partnership and the members thereof, and it filed its claim in bankruptcy against the bankrupt, the Lennig Engineering Company. The question here presented is whether the District Court erred in affirming the order of the referee, denying the petitioner's application.

J. C. Campbell, Weaver, Shelton & Levy, of San Francisco, Cal., for petitioner.

Mansfield & Newmark and Milton Newmark, all of San Francisco, Cal., for respondent.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The petitioner's contention is based upon the decision in Conroy v. Woods, 13 Cal. 626, 73 Am. Dec. 605, in which the court said:

"This was partnership property, bound for partnership debts when the firm was in existence, and it continued to be bound for those debts after the sale to this partner, especially when he assumed, as a part of the transaction of purchase, the payment of those debts,"

—and it is contended that the decision has become a rule of property rights in California which the bankruptcy court was bound to observe, and the petitioner contends, further, that, irrespective of the effect of that decision, the rule so announced therein is applicable here for the reason that the gist of the case is the retiring partner's equity invoked in respect to a firm asset which is in the custody of the court. The doctrine of Conroy v. Woods is against the very decided weight of authority. In 30 Cyc. 545, it is said:

"A valid sale of a partnership property by the firm to one or more of its members, or to a new firm in which some of the former partners are members, puts an end to the old partnership title, and destroys the lien of the partners thereon, as well as the preference of the old partnership creditors therein over the individual creditors of the purchasing partner."

The same rule is announced in 22 Am. & Eng. Enc. of Law, 133; 2 Lindley on Partnership, § 603; and Bates on Partnership, § 550. In Loveland on Bankruptcy (4th Ed.) 554, it is said:

"A sale by one partner to his copartner, when the firm is insolvent, which if held would operate to apply the property of the retiring partner to the payment of the individual debts of the partner purchasing, is considered

fraudulent and the property distributed as firm property. But it is competent for solvent partners to make any arrangements which they think proper with respect to their joint property in the partnership, or the separate property of the partners, and to alter the character of the property so as to convert joint into separate property, and vice versa. Such agreement, if made bona fide, will bind their creditors, and in the event of bankruptcy the property will be administered as firm or separate property, according to the character which the partners have placed upon it."

Of, similar import is Remington on Bankruptcy (2d Ed.) 2269.

The rule deducible from these authorities is that when a member of a solvent copartnership sells in good faith his interest to his copartner, and the latter assumes the payment of the debts, the retiring partner loses his equitable right to require that the partnership assets be applied to the payment of the partnership debts. In Fitzpatrick v. Flannagan, 106 U. S. 648, 654, 1 Sup. Ct. 369, 374 (27 L. Ed. 211), the court held that the right of a partnership creditor to appropriate the partnership properties specifically to the payment of his debt in equity in preference to creditors of an individual partner is derived through the retiring partner, whose original right it is to have the partnership assets applied to the payment of partnership obligations, and said:

"And this equity of the creditor subsists as long as that of the partner, through which it is derived, remains; that is, so long as the partner himself 'retains an interest in the firm assets, as a partner, a court of equity will allow the creditors of the firm to avail themselves of his equity, and enforce through it the application of those assets primarily to payment of the debts due them, whenever the property comes under its administration.' * * * Hence it follows that, 'if before the interposition of the court is asked the property has ceased to belong to the partnership, if by a bona fide transfer it has become the several property either of one partner or of a third person, the equities of the partners are extinguished, and consequently the derivative equities of the creditors are at an end.' "

The court, in that case, cited and approved the ruling of the Supreme Court of Mississippi in Schmidlapp & Bros. v. Currie & Co., 55 Miss. 597, 30 Am. Rep. 530, in which the court said:

"If at a time when the firm was still in existence, when no legal liens of any sort had attached, when it was neither bankrupt nor contemplating bankruptcy, all the members have agreed to a particular disposition of its assets, and that disposition is neither colorable nor fraudulent—that is to say, is upon a bona fide consideration, and reserves no benefit to the grantors —inasmuch as none of the partners can be heard to complain of such disposition, so none of the creditors of the firm, or of the individual members composing it, can question or attack it."

The principle so declared in Fitzpatrick v. Flannagan was reaffirmed in Huiskamp v. Moline Wagon Co., 121 U. S. 310, 7 Sup. Ct. 899, 30 L. Ed. 971. So in Sargent v. Blake, 160 Fed. 57, 87 C. C. A. 213, 17 L. R. A. (N. S.) 1040, 15 Ann. Cas. 58, the court said:

"The right of the creditors of the partnership to payment out of the partnership property in preference to the individual creditors is the mere right of subrogation or derivation to enforce this right of one of the partners after the partnership property has been placed in the custody of the law. Until it has been so placed each partner has plenary power at any time to release or waive this right, and if each partner has done so and at the time the property comes within the jurisdiction of a court, no partner has this right, then

no creditor of the partnership, has it, for a stream cannot rise higher than its source."

In such cases it is held that the debts which were formerly partnership debts become the individual debts of the continuing partner in all cases where the firm was solvent and the transaction was not tainted with fraud. In re Montgomery, 3 Ben. 565 [Fed. Cas. No. 9,728]; In re Long, 7 Ben. 141 [Fed. Cas. No. 8,476]; In re Wiley, 4 Biss. 214 [Fed. Cas. No. 17,656]; In re Keller (D. C.) 109 Fed. 118; In re Kolber (D. C.) 193 Fed. 281.

A different rule applies where the transfer is by one of two partners to the other of his interest in an insolvent corporation. Such a transfer is fraudulent in law as against the partnership creditors. That rule was applied in the two decisions upon which the petitioner principally relies. In re Terens (D. C.) 175 Fed. 495; In re Filmar, 177 Fed. 170, 100 C. C. A. 632. In the first of those cases, insolvency was expressly adverted to as the ground of decision. In the second case, Swigert, one of the partners, sold his interest in the business to Filmar, his copartner, in consideration of a payment of a small sum of money and Filmar's agreement to pay the partnership debts. The opinion recites that the partnership assets were then in excess of the partnership debts, but, notwithstanding that fact, it may be assumed that the partnership was found to be insolvent, for within six weeks after the dissolution Filmar filed his voluntary petition in bankruptcy. Both the creditor of the partnership and Swigert petitioned the court in bankruptcy to allow payment of the debt from the assets ahead of the claims of Filmar's individual creditors. The court said:

"With the property in custody and all the parties present, and no rights of innocent purchasers or transferees having intervened, a court of general equity powers would concededly award priority to Lippincott, because there had been no application of the property, with the consent of the partners, to the payment of individual debts, * * * because Lippincott in his own right as a partnership creditor would be entitled to equity's rule of distribution, and because Swigert for his own protection would have the right to ask that Lippincott be first paid."

That doctrine is in accord with the weight of authority when applied to the case of a transfer of an interest in an insolvent partnership.

[2] The contention of the petitioner that the rule established by Conroy v. Woods is binding upon the federal court in bankruptcy because it is a rule of property for the state of California is without merit. That decision involves no construction of a state statute, nor does it establish a rule of property, but it decides a principle of equity only, and it is not binding on a federal court. Lane v. Vick, 3 How. 464, 11 L. Ed. 681; Oates v. Bank, 100 U. S. 239, 25 L. Ed. 580; Railroad Co. v. National Bank, 102 U. S. 14, 26 L. Ed. 61; Liverpool, etc., Steam Co. v. Phœnix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788. This rule is especially applicable to questions of equity law, as to which federal and state courts appeal to the same sources of information. Butler v. Douglass (C. C.) 3 Fed. 612; Loewe v. California State Federation of Labor (C. C.) 189 Fed. 714. In John Deere Plow Co. v. McDavid, 137 Fed. 802, 70 C. C. A. 422, it was held that whether a creditor of a bankrupt is entitled to a preference

on the ground that the claim is based on the bankrupt's misappropriation of a trust fund does not depend on the construction of the contract between the parties, but on a rule of preference in equity, as to which the federal decisions, and not those of the state, must control.

The petition to review is dismissed, and the order of the district court is affirmed.